SANDERS, Justice.
In each of these cases, the state charged the defendant, Sciortino, by bill of information with the possession of marijuana cigarettes, a felony denounced by LSA-R.S. 40:962. Subsequently, the state amended each of the bills to correct the date of the offense. The defendant, then, filed a plea of prescription and motion to quash. The trial judge sustained the motion and plea. Having reserved a bill-of exception to the judgment, the state appealed.
In Case No. 46,821, the state filed a bill of information . on September 21, 1959, charging the defendant with the illegal pos *686 session of four marijuana cigarettes on November 12, 1959, a date almost two months after the filing of the information. The defendant entered a plea of not guilty to the charge. On motion of his counsel, the defendant was granted several continuances. On May 7, 1963, the state amended the bill of information to show that the date of the offense was December 11, 1958, as reflected in the police report. On defense motion, the court postponed the rearraignment, requested by the state, to permit the filing of special pleadings. The trial judge sustained the plea of prescription and motion to quash filed by the defendant.
In Case No. 46,822, the state filed a bill of information on September 22, 1959, charging Sciortino with the illegal possession of 23 Marijuana cigarettes on December 13, 1959, a date approximately three months after the filing of the charge. The defendant entered a plea of not guilty. From 1960 to 1962, the defendant was granted several continuances. On May 7, 1963, the state amended the bill of information to show that the date of the offense was December 13, 1958, as reflected in the police report. On defense motion, the court continued the rearraignment, requested by the state, to permit the filing of special pleadings. The trial judge sustained the plea of prescription and' motion to quash filed by the defendant.
In its judgment sustaining the defense pleas, the trial court stated:
“In this matter the time is the essence as the attempted change was made for the purpose of knocking out the one year prescription in order to get around a successful Plea of Prescription.
“This Court feels that since the original charge was allowed to remain in effect for a period in excess of three years, that to allow the District Attorney to amend the original information would allow him to knock out a plea of prescription of one year after the District Attorney has knowledge of the correct date.”
We cannot agree with the judgment of the trial court.
 The amendment of the bills of information was proper. Time is not of the essence of unlawful possession of marijuana, the crime charged.[1] When, through inadvertence, a bill of information charges that such an offense was committed on a . day subsequent to its filing, it can be amended at any time to show the correct date.[2]
The defendant, however, strenuously contends that the date cannot be corrected after a period of one year from the time the district attorney acquires knowledge of the proper date because of the one year prescriptive period governing the prosecutions.
The prescriptive period applicable to these prosecutions is found in LSA-R.S. 15.8:
“No person shall be prosecuted, tried or punished for any offense [with certain exceptions] * * * unless the * * * information * * * for the same be * * * filed within one year after the offense shall have been made known to the judge, district attorney or grand jury having jurisdiction * * *."[3]
 The prescription of one year applies to the institution of the prosecution, that is, the filing of the bill of information. It does not limit or prevent the subsequent *687 amendment of a timely filed information, if the amendment is otherwise proper. When made, the amendment relates back to the date of the filing' of the original information.[4]
Each of the bills of information was filed well within the one year prescriptive period. Each was properly amended on motion of the state made, according to the record, in open court. We conclude that the plea of prescription and motion to quash are without merit.
For the reasons assigned, the judgment of the Criminal District Court of the Parish of Orleans is reversed; the plea of prescription and motion to quash are overruled; and the cases are remanded for further proceedings according to law.

. State v. Johnson, 228 La. 317, 82 So.2d 24, See also 5 Wharton’s Criminal Law and Procedure, pp. 210-212 (Anderson, 1957).

. LSA-R.S. 15:216; LSA-R.S. 15:234; LSA-R.S. 15:253; LSA-R.S. 15:284; State v. Anderson, 125 La. 779, 51 So. 846; State v. Hamilton, 48 La.Ann. 1566, 21 So. 232; State v. Pierre, 39 La.Ann. 915, 3 So. 60.

.Act No. 25 of 1960 repealed this section except as to prosecutions instituted prior to the effective date of the 1960 act.

. 22 C.J.S. Criminal Law § 236, p. 610. Compare Art. 1153, LSA-C.C.P.