304 So.2d 659 (1974)
STATE of Louisiana
v.
Oscar SAM, Jr.
No. 55063.
Supreme Court of Louisiana.
December 2, 1974.
Teddy W. Airhart, Jr., Airhart & Copenhaver, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
This defendant was first prosecuted on an indictment returned by the grand jury of East Baton Rouge Parish, charging that he murdered Elma Ivy James on July 3, 1971. After conviction of the lesser crime of manslaughter, he appealed to this Court where the conviction was reversed and a new trial was granted. 283 So.2d 81.
He was then charged by the grand jury with manslaughter, tried and convicted. No formal bills of exceptions have been perfected. However, we do notice that the indictment sets forth that on
". . . the 31st day of May, 1971, the Grand Jury of the Parish of East Baton Rouge, State of Louisiana, charges that on or about the 3rd day of July 1971 . . . Oscar Sam, Jr., committed the offense of manslaughter as defined by Louisiana Revised Statutes Title 14; Article 31 in that he unlawfully killed Elma Ivy James . . . ." (emphasis added).
This, of course, is an impossible situation. On its face it appears that the indictment was returned charging a crime before it was committed. But this technical error can be explained. The correct date the indictment was returned is August 12, 1971, the date shown on the indictment as the filing date.
May 31, 1971 was in fact the date the grand jury session began. It was the date so indicated on the original indictment charging Sam with murder. When that conviction was reversed, and when he was indicted the second time for manslaughter, *660 the date of the first indictment, August 12, 1971, was retained as the effective date of the second indictment. This procedure is indicated by Article 705 of the Code of Criminal Procedure relating to severance. The Article declares, "Severed indictments shall be considered as filed on the dates of the filing of the original indictments."
However, in the meantime the printed form of indictment in use in the Nineteenth Judicial District was changed. In referring to the original indictment to ascertain the effective date of its return, the clerk apparently inadvertently inserted the date the session of the grand jury began (May 31, 1971) in the blank space provided for the date the indictment was returned (August 12, 1971). Nevertheless the filing date, or date the indictment was returned, is also properly shown to be August 12, 1972. The date the crime is alleged to have been committed is also correctly shown as July 3, 1971.
The vital function of an indictment is to inform the accused of the nature and cause of the accusation against him. La. Const. art. I, §§ 9, 10. This indictment does so in every particular required by statute. La.Code Crim.Proc. arts. 462, 465(33). Nowhere does the law require that an indictment contain the day on which it is returned in order to be valid. La.Code Crim.Proc. art. 464. An indictment which charges an offense as prescribed by statute shall not be invalid or insufficient because it contains repugnant allegations. Unnecessary allegations may be disregarded as surplusage. La.Code Crim.Proc. art. 486.
Through two extended trials the defense was based upon the July 3, 1971 date the indictment set forth as the date the crime was committed. No conceivable harm has resulted from the technical error which this Court noted sua sponte. Neither the State nor the defense was aware of the discrepancy until it was pointed out from the bench on oral argument on this appeal. "An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. . . ." La. Code Crim.Proc. art. 487.
It may be argued that the date the crime is alleged to have been committed is an impossible date by reason of the fact that an indictment tends to represent that it was returned before the crime is alleged to have been committed. Even so, this would not invalidate this indictment.
"The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
"If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated." La.Code Crim. Proc. art. 468. See also State v. Sciortino, 245 La. 587, 159 So.2d 685 (1964).
Since no bills of exceptions were reserved and this is the only issue discoverable by a mere inspection of the pleading and proceedings and without inspection of the evidence, this conviction is affirmed. La.Code Crim.Proc. art. 920.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.