332 So.2d 773 (1976)
STATE of Louisiana, Respondent,
v.
Casey A. SMITH, Relator.
No. 57239.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
*774 Bruce G. Reed, Trial Atty., Reed, Reed & D'Antonio, Metairie, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Richard J. Bontall, Research Atty., Metairie, for respondent.
TATE, Justice.
The defendant was convicted of receiving a stolen car of a value of less than $100.00, La.R.S. 14:69 (1972), and sentenced to thirty days, suspended, in the parish prison and a fine of $250.00. We granted certiorari, 325 So.2d 269 (1976), because we felt the trial court may have erred in denying the defendant's motion for a directed verdict of acquittal, La.C.Cr.P. art. 778, at the close of the state's case.
Directed Verdict (Assignment of Error nos. 1 and 2)
The state's case consisted of two witnesses:
A managerial employee of Hertz testified that a specified Ford rental automobile of the firm had been missing since January 19, 1973; it had been reported by the firm as stolen on April 27, but was recovered from the local police department July 10. A local detective from that department testified that, by license check of the parked automobile, he discovered the reportedly-stolen Ford in front of the defendant Smith's residence during the early hours of July 9, that he waited until Smith came out from his residence and drove off in the vehicle, and that he stopped Smith about a mile later and (after re-checking the license number) arrested the defendant.
At the close of the state's case (the testimony of these two witnesses), the defendant filed a motion for directed verdict of acquittal in this non-jury trial. La.C.Cr.P. art. 778. Since at that point there was no evidence of an essential element of the crime, i.e., that the defendant knew or had reason to believe that the vehicle was stolen,[1] we granted certiorari to review the conviction.
The issue before us, as a reviewing court, is whether the defendant, by subsequently presenting his own evidence, waived his right to have the denial of his motion reviewed solely upon the basis of the state's case rather than of the evidence as a whole (including that produced by him on his defense). This issue has never been directly addressed by this court, the motion for a directed verdict being a relatively recent addition to our criminal procedure.[2]
*775 As amended in 1975 (see footnote 2), La. C.Cr.P. art. 778 provides: "In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all of the evidence, if the evidence is insufficient to sustain a conviction. If the court denies a defendant's motion for a judgment of acquittal at the close of the state's case, the defendant may offer its evidence in defense."
As enacted, the statute permits review of the denial of the defendant's motion for a directed verdict of acquittal, whether or not the defendant subsequently offers evidence in defense. It does not necessarily provide that, nevertheless, the reviewing court may not consider, in ruling upon whether acquittal should be ordered as a matter of law, evidence in the defendant's case which cures the omission in the state's evidence and which thus supports a verdict of guilty. That is, the reviewing court is not necessarily obliged by the article to reverse a conviction because of an erroneous denial of the motion at the time, where the conviction is otherwise supported by the evidence and affirmable on the evidence as a whole.
In the great majority of American jurisdictions (almost all of which allow the directed verdict), if the court overrules the defendant's motion for a directed verdict of acquittal filed at the close of the state's case, the defendant is deemed to waive his right to complain on review of an erroneous denial, at least where his own evidence fills in the gaps of the state case. 3 Wharton's Criminal Procedure, Section 520 (12th ed., Torcia; 1975); American Bar Association Standards Relating to Trial by Jury, Standard 4.5(a), Commentary (1968); Comment, The Motion for Acquittal, 70 Yale L.J. 1151 (1961).
The cited law review comment criticizes the application in criminal cases of this "waiver" doctrine, which had been jurisprudentially developed in civil cases. The denial of review of the erroneous (at the time) overruling of an accused's motion for acquittal, it is contended, overlooks the function of requiring the state to prove its case, upon penalty of dismissal; it unfairly forces the defendant to put on a case which, however strong, converts into an unreviewable issue of fact the issue of his guilt or innocence, when in fact the state itself did not prove its case. For similar reasons, modern treatises have criticized the rule, and a small minority of courts (two out of the eleven federal circuits, for instance) have rejected it. 8 Moore's Federal Practice, Section 29.05 (1969); 2 Wright, Federal Practice and Procedure, Section 463 (1969).
Nevertheless, the distinguished and thoughtful scholars, judges, and lawyers who drafted the American Bar Association Standards for Criminal Justice Relating to Trial by Jury (1968) ultimately concluded to retain the majority rule and not to accept the minority rule. In the commentary to Standard 4.5(a), it is noted: "* * * an erroneous denial of the motion for acquittal made at the conclusion of the prosecutor's case may be cured by subsequent developments at the trial. Although it has been argued that this rule comes perilously close to compelling the defendant to incriminate himself, Note, 70 Yale L.J. 1151 (1961), the argument is not believed to be persuasive, and no deviation from the majority rule is recommended here."
*776 Thus, the value adhered to is that adopted by a great majority of the American jurisdictions which have considered the issue: Despite the potential unfairness of the policy to a defendant, an erroneous denial of a motion for acquittal is nevertheless not cause for reversal if the evidence as a whole, including the defendant's case, justifies the affirmance as guilty (assuming no other reversible error). To reverse, in such an instance, is to reverse not because the evidence as a whole does not prove guilt; but because of an erroneous interlocutory ruling which was cured by subsequent evidence.
The minority view appeals to at least some of us as more fair and more in accord with the purpose of the motion for an acquittal at the close of the state's case. Yet we are unwilling at this time to depart from the view of the great majority of American jurisdictions which have considered the issue, especially since the authoritative, scholarly, and balanced American Bar Association standards have recently reviewed the issue and have reached the considered recommendation that the merits of the majority view outweigh its demerits.
We therefore conclude that, when a defendant's motion for an acquittal is overruled at the close of the state's case, on review the appellate court may consider, in determining whether there is evidence of guilt, not only the evidence before the court at the time of the motion but the entire admissible evidence contained in the record of the trial. We expressly do not hold, however, and Article 778 provides otherwise (see also footnote 2), that a defendant waives his right to have the denial of his motion for acquittal reviewed by introducing defense evidence. See State v. Douglas, 278 So.2d 485 (La.1973) and succeeding jurisprudence. Such review, however, is based upon the entire record of the trial, not just the state's case.
At this point, we shall state that the defense case presents some evidence (however weak) by which the trial court could conclude that the accused should have known the automobile he received (borrowed) was stolen, thus supplying evidence as to the missing element of the state's case. See Assignment No. 3 below. On review, the appellate court do not reverse the denial if there is some evidence proving the crime (this being considered a question of fact); they reverse only if there is no evidence proving the offense or an essential element thereof (this being considered a reviewable question of law). State v. Douglas, 278 So.2d 485 (La.1973).
We therefore find no reversible merit to assignments of error Nos. 1 and 2, which were taken as to the denial for the directed motion of acquittal.
Some Evidence of Guilt (Assignment No. 3)
At the close of the entire evidence, the defendant renewed his motion for acquittal on the basis that the evidence did not prove that the evidence in question was the subject of a robbery or theft, as contrasted with having been subjected merely to unauthorized use.
The state's case, summarized above, shows that the car had disappeared from its owner's possession without explanation some six months before it was recovered in the defendant's possession, and that it had been reported stolen. This constitutes some evidence that the trier of fact can reasonably accept as proving that the vehicle had been stolen.
With regard to the issue of whether the defendant knew it had been stolen, a closer question is presented (and one on which we might have differed from the trial court, absent the trial court's benefit of an evaluation of the demeanor of the witnesses).
The defendant, his brother-in-law, and his mother all testified that the Ford had been in the possession of a friend, a Hertz employee, for several months. The defendant's mother and his brother-in-law admitted knowing the vehicle belonged to Hertz *777 and to suspicions that the Hertz employee was unlawfully in possession of the vehicle. The brother-in-law testified that he had deduced that the vehicle was stolen.
The defendant, admitting that the vehicle was still tagged as belonging to Hertz, testified that his friend had told him he had bought the car shortly before the arrest. He assumed that his friend had borrowed it from Hertz with permission during the several months of his possession prior thereto.
There was thus some evidence by which the trial court could conclude that the defendant should have realized that the vehicle he received (borrowed) was stolen. Since the sufficiency of the evidence of guilt is not reviewable on appeal, we cannot find reversible error.

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
DIXON and DENNIS, JJ., dissent.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice (dissenting).
I respectfully dissent.
It is my opinion that when a defendant, at the close of the state's case, moves for an acquittal as provided in Louisiana Code of Criminal Procedure article 778, he is entitled to have the denial of that motion reviewed by this Court solely upon the basis of the evidence presented by the state. See United States v. Burton, 472 F.2d 757 (8th Cir. 1973); Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963). To hold that by subsequently presenting a defense an accused waives his right to have this Court review the trial court's ruling for errors of law, as does the majority opinion, ignores the burden our criminal judicial system has placed on the state to produce evidence in support of the essential elements of the charge upon penalty of dismissal, makes meaningless a defendant's right to move for acquittal before presentation of his defense, and has serious implications with respect to the constitutionally protected privilege against self-incrimination. See Comment, The Motion for Acquittal: A Neglected Safeguard, 70 Yale L.J. 1151 (1961).
As the majority itself acknowledges, at the close of the state's case, the state had failed to offer any evidence from which the trial court could have concluded that the accused should have known that the automobile in question was stolen. See La.R.S. 14:69 (1972). Therefore, since there was no evidence of an essential element of the crime of receiving a stolen car of a value of less than $100.00, it is my opinion that this Court should reverse the conviction and sentence and remand with instructions to enter a judgment of acquittal. See State v. Douglas, 278 So.2d 435 (1973).
NOTES
[1] La.R.S. 14:69 defines the crime as follows:

"Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. * * *"
[2] The device was first authorized, limited to non-jury trials, by Act 447 of 1950, enacting La.R.S. 15:401.1 to our former code of criminal procedure. See 14 La.L.Rev. 30-31 (1953). As then enacted, it provided that, if the motion for a directed verdict of acquittal was not granted at the close of the prosecutor's case, "* * * the defendant may offer evidence without having reserved the right. The judgment of the Court in refusing to grant such motion by the defendant shall not be subject to review by any appellate court."

Article 778 of the Code of Criminal Procedure of 1966 replaced this provision and applied to both jury and non-jury trials (until a 1975 amendment deleted its application to jury trials). The present code article does not prohibit review of the denial of the motion for acquittal if overruled, see State v. Douglas, 278 So.2d 485 (La.1973), but it does not expressly provide as to whether the omission in the state's case can, for purposes of appellate review, be supplied by the evidence introduced by the accused in his defense.