357 So.2d 498 (1978)
STATE of Louisiana
v.
Thomas E. CASE.
No. 60413.
Supreme Court of Louisiana.
April 10, 1978.
*499 D. Bert Garraway, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., Joseph H. Simpson, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, Case, was charged with committing a lewd and lascivious act upon a girl under the age of seventeen "during 1972, 1973, and 1974," in violation of LSA-R.S. 14:81. The jury returned a verdict of guilty, and the trial judge sentenced him to imprisonment in the Parish Jail for two years and to pay a fine of $1,000. On appeal, he relies upon five assignments of error.
The background facts may be briefly stated. The defendant was originally charged with aggravated rape. On June 2, 1975, in a plea agreement, he pled guilty to contributing to the delinquency of a juvenile in violation of LSA-R.S. 14:29 A(7). Later, over the State's objection, he was allowed to withdraw the plea. He was then charged with indecent behavior with a juvenile on December 21, 1974. The case came on for trial on October 26, 1976. During the State's opening statement to the jury, the Assistant District Attorney stated that he would prove that the crime was a continuous one occurring during 1972, 1973, and 1974. Ultimately, the trial judge ordered a mistrial.
The State later amended the bill of information to allege that the indecent conduct occurred "during 1972, 1973, and 1974."

ASSIGNMENT OF ERROR NO. 1: MOTION TO QUASH
Defendant filed a motion to quash the amended bill of information, which the trial judge overruled. The motion was founded upon several grounds.
The first contention is that the amendment added new crimes. Our interpretation of the amendment is that it was designed to allege that the offense was a continuing one growing out of a sexual relationship between defendant and the young victim extending over at least three years. We find no merit in the contention.
Defendant argues that the bill of information is so vague and indefinite that it fails to inform the defendant of the nature and cause of the accusation against him in violation of both the state and federal constitutions.
Article 468 of the Louisiana Code of Criminal Procedure specifically states that the date and time of the offense need not be alleged in an indictment unless the crime is contingent upon the date or time, thus making the date or time an essential element of the offense. LSA-C.Cr.P. art. 468, Official Revision Comment (b); State v. Glover, La., 304 So.2d 348 (1974).
In response to a motion for a bill of particular, the State advised that the lascivious conduct occurred at the defendant's home and that it occurred numerous times during the three year period. In a continuing sexual relationship of this type, exact dates often cannot be supplied. The record reflects that the State furnished the defendant as much information as was available.
In our opinion, the defense contention lacks merit.
Defense also contends that the bill of information should be quashed because it added prescribed criminal conduct. The amendment was made on October 26, 1976. Defendant argues that any criminal conduct occurring prior to October 26, 1972, had prescribed. See LSA-C.Cr.P. art. 572. This contention is untenable because the amendment relates back to the filing of the original bill of information. See State v. Sciortino, 245 La. 587, 159 So.2d 685 (1964).
*500 Finally, defense contends that the amendment violates a stipulated agreement that it had with the State that the case would be tried in the "same posture" as it was on June 8, 1976. The trial judge did not construe the stipulation as barring the amendment. According to the State's explanation, accepted by the trial judge, the agreement precluded the use of a Prieur notice and evidence of other offenses in the forthcoming trial. See State v. Prieur, La., 277 So.2d 126 (1973). In a matter of this nature, the ruling of the trial judge is entitled to great weight. We find no reason to disturb it.

ASSIGNMENT OF ERROR NO. 2
The defense complains that the trial judge erred in denying the defendant the right to have an independent medical examination of the young girl. Significant here, we think is that the defendant was charged with indecent behavior, not rape.
The trial judge's Per Curiam correctly disposes of the contention:
"Page 14, 15 and 16 of the transcript shows that the District Attorney offered to give the defense attorney a copy of the report, did give him the contents of the report, offered to either use the doctor in question or not use the doctor giving the defense counsel the choice. Defense counsel chose to call the doctor."

ASSIGNMENT OF ERROR NO. 3
The defendant alleges that the trial court erred in refusing to grant defendant's motion for exculpatory evidence, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Based upon the representations of the State, the trial judge found no exculpatory evidence to be produced. The trial evidence did not alter his conclusion. Hence, this assignment of error lacks merit.

ASSIGNMENTS OF ERRORS NOS. 4 AND 5
These assignments relate to the prosecutor reading from a medical treatise and the trial court allowing the State to recall the young victim on rebuttal. We have examined these assignments and find no reversible error in either of them.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON and DENNIS, JJ., dissent.