376 So.2d 118 (1979)
STATE of Louisiana
v.
Errol HICKS and Alpheious Arnett.
No. 64384.
Supreme Court of Louisiana.
October 8, 1979.
*119 Richard E. Burton, Baton Rouge, for defendants-relators.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Samuel C. Cashio, Dist. Atty., for plaintiff-respondent.
DENNIS, Justice.
Defendants Hicks and Arnett were convicted by a judge of hunting deer at night, La.R.S. 56:123, hunting from a moving vehicle, La.R.S. 56:124, and resisting arrest, La.R.S. 14:108, for which each defendant was sentenced to thirty days in jail on each conviction, concurrently, and fined $350.00. We granted writs to review defendants' contentions that the trial court erred in *120 denying their motions for acquittal of (1) the resisting arrest charge because the officer who initially accosted them lacked authority to arrest; and of (2) the hunting deer at night charge because the bill of information charged them with violation of the incorrect subsection of R.S. 56:123.
We affirm the convictions and sentences. On review, the record reveals that the prosecution introduced evidence in rebuttal that the officer was a full-time game warden commissioned by the state and empowered with authority to arrest game law violators. When a defendant's motion for an acquittal is overruled at the close of the state's case, on review the appellate court may consider, in determining whether there is evidence of guilt, not only the evidence before the court at the time of the motion but the entire admissible evidence contained in the record of the trial. State v. Smith, 332 So.2d 773 (La.1976).[*] This assignment of error, urging lack of arrest authority, is without merit.
In the bill of information, the state charges both defendants with unlawfully hunting deer at night in violation of La.R.S. 56:123(E)(2). This subsection of § 123 is the penalty provision and cannot be said to be the part of the statute regulating conduct. The defendants should have been charged under R.S. 56:123(C). Nevertheless, even though the defendants were charged under the wrong subsection, the motion for acquittal was correctly denied. The actual wording of the bill of information was sufficiently clear to inform the defendants of the crime with which they were charged. The bill also cited the correct section of the revised statute. Under the circumstances, the failure to cite the correct subsection within that section was a mere technical deficiency in the bill of information which is not sufficient to overturn the conviction, unless the defense can show surprise or lack of notice which causes prejudice. State v. Mallett, 357 So.2d 1105, 1108 (La.1978); State v. Murray, 357 So.2d 1121, 1123 (La. 1978). Since defendants did not attempt to show surprise or prejudice, there is no merit in this assignment of error.

Sufficiency of Evidence
Defendants also argue that their motion for acquittal should have been granted because there was insufficient evidence to sustain a conviction of any of the three charges. After reviewing the record, however, we conclude that there was sufficient evidence to support a reasonable trier of fact in finding defendants guilty of each charge beyond a reasonable doubt.
Dawson, the game warden, testified that he watched the defendants drive slowly for about 30 to 45 minutes along a rural, private road, with one of the defendants in the back of the pickup holding a fully loaded 30-30 caliber rifle and shining a spotlight into the fields and woods on either side of the road. After the defendants were arrested they refused to obey Dawson's order to stay together at the truck; they went back and forth to a house trailer, drinking beer; they refused to show Dawson their identification; they physically threatened Dawson; and they refused to go with Dawson to his truck some 500 yards away so that he could call for assistance from other officers.

Sentence Review
Defendants argue that the sentences imposed were illegal because they exceeded the penalties authorized by La.R.S. 56:124(9), the statute which penalizes hunting after sunset generally. Defendants were correctly charged, convicted and sentenced, however, in accordance with R.S. 56:123, the statute which prohibits and provides mandatory punishment for hunting deer in darkness.
The convictions and sentences imposed by the trial court are affirmed.
AFFIRMED.
NOTES
[*] The author and two other members of the Court disagreed with this holding for the reasons assigned by Justice Calogero in his dissenting opinion. 332 So.2d 773, 777 (Calogero, J., dissenting).