SHORTESS, Judge.
Alex Warner, Jr. (defendant) was charged by bill of information with a violation of La.R.S. 40:967(C), for possession of Phenmetrazine (also known as Preludin), classified as a controlled dangerous substance in Schedule II C-3. He pled not guilty, waived trial by jury, and was tried along with three other defendants by the judge alone. He was found guilty and *285 sentenced to three years imprisonment at hard labor, with credit for time served as a result of his arrest on this charge only. Defendant now appeals his conviction. He has briefed and argued one assignment of error.[1]
ASSIGNMENT OF ERROR NUMBER FOUR
Defendant alleges that the trial court erred when it denied his motion for a directed verdict of acquittal.
FACTS
On November 24, 1980, pursuant to a search warrant, Stanley Bihm, a detective with the Baton Rouge Police Department, along with approximately eight other policemen, went to a residence owned by Wilbert Shephard located at 1642 North 23rd Street in Baton Rouge. Bihm and several other officers entered the house. Some went through the front door, some went through the back door, and others remained outside. Approximately thirteen people were found in the residence, four of whom were arrested and charged with possession of Phenmetrazine, including defendant. Bihm saw defendant as he went from the front room through the kitchen and into the middle bedroom. Bihm testified that defendant, when first seen by him, was leaning through a window[2] which led to another bedroom with his hand outstretched over the window. When the officers broke through the rear door, defendant turned, ran past Bihm and passed within a few inches from him. At that time Bihm saw defendant shove something which he had been holding in his hands under some clothes on a nearby shelf. Bihm immediately retrieved the object defendant had shoved under the clothes and found a package containing ten syringes and a spoon. He placed defendant under arrest, handcuffed him, and then went to the window through which defendant had been leaning. He searched the area between the window and a bed which was on the other side of the wall and found a bottle containing seventeen Preludin tablets wrapped in foil. Other officers found quantities of Preludin in various other parts of the house, and the arrest of the other defendants came as a result of the discovery of this evidence.
All of the contraband was secured and then tested by Jerry Harrison of the Louisiana State Police Crime Laboratory, who was qualified as an expert in analyzing substances for suspected narcotics. He testified that some of the contraband seized subject to the search contained Phenmetrazine. Specifically, his examination of the exhibit which contained a spoon and ten syringes revealed traces of Phen-metrazine on two syringes and the spoon. His examination of the pink tablets recovered from under the bed near the window revealed that they were Phenmetrazine.
At the close of the State’s case, the defendant’s motion for a directed verdict of acquittal was denied. Defendant took the stand in his own defense. On direct examination in response to his attorney’s question, “State 2,[3] have you ever seen those,” he said, “I had them in my possession.” On cross-examination, defendant admitted he had the syringes in his possession; that he had them in his hands at the time; and that he had them for the purpose of using drugs. However, he maintained that he had no drugs in his possession when arrested.
When a defendant’s motion for directed verdict of acquittal is overruled at the close of the state’s case on review the appellate court may consider, in determining whether there is evidence of guilt, not *286 only evidence before the court at the time of the motion, but the entire admissible evidence contained in the record of the trial. State v. Hicks, 376 So.2d 118 (La. 1979); State v. Smith, 332 So.2d 773 (La. 1976). The denial of a motion for a directed verdict of acquittal may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion. State v. Hargrave, 411 So.2d 1058 (La.1982).
The applicable standard of review is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Our review of this entire record reveals that defendant admitted possession of the syringes which were used by him for the purpose of taking drugs, two of which contained traces of Phenmetrazine according to the examination made at the State Police Crime Lab. The assignment of error is without merit.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

.In the trial court defendant urged five assignments of error. However, his appeal does not address assignments 1, 2, 3 and 5. Accordingly, they are considered abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal, State of Louisiana; State v. Trevathan, 432 So.2d 355 (La. App. 1st Cir.1983), writ denied (La.1983).

. The window at one time looked out on a porch which had been enclosed and made into a bedroom.

. Defendant’s attorney was referring to State exhibit 2, the syringes and spoon.