448 So.2d 1316 (1984)
STATE of Louisiana
v.
George E. OHRBERG.
No. 83 KA 0977.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Rehearing Denied April 3, 1984.
*1318 William J. Knight, Asst. Dist. Atty., Franklinton, for State.
Clayton S. Knight, Franklinton, for defendant.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This criminal appeal arises from the conviction of George E. Ohrberg of indecent behavior with a juvenile, LSA-R.S. 14:81. After waiving trial by jury, the defendant was tried by a judge alone. After having been found guilty as charged, defendant was sentenced to serve five (5) years at hard labor and to pay a fine of $2,000.00 and, in default of payment of fine, to serve six months in jail. Defendant's sentence of confinement at hard labor was suspended, and defendant was placed on supervised probation for a period of five years with the following special conditions: (1) to pay the fine within six months of the date of sentencing; (2) to perform thirty (30) days of community service work under the designated probation officer, to be approved by the court; and, (3) to attend a mental health clinic for evaluation and treatment. Defendant appeals his conviction alleging eight assignments of error.

FACTS
The victim, a nine-year old female child, testified at trial that on several occasions from December 1981 through June 1982, at times when defendant's wife was not at home, defendant made the victim take off her clothes, fondled her private parts, and otherwise sexually molested her. This nine-year old child was a neighbor of defendant and his wife in a trailer park, and the child had free access in and out of defendant's home. She would visit with the defendant and his wife often after school and sometimes on weekends. During the month of June 1982, in response to questioning, the victim told her aunt of these practices, and defendant's arrest followed.

ASSIGNMENTS OF ERROR
Defendant-appellant, George Ohrberg, relates the following assignments of error:
1. The trial judge committed error when he overruled defendant's objection to the state proceeding to trial without having furnished specific answers to defendant's motion for bill of particulars.
2. The trial court erred in allowing the child-victim who is under twelve years of age to testify, not only due to the age of the child, but also because of intelligence and the inability of the child to distinguish between right and wrong.
3. The trial judge erred in overruling defendant's objections to testimony of "Aunt Dot" as the same was hearsay.
4. The trial judge erred in allowing Officer McNish to testify pertaining to the age of defendant as the state had not revealed the same in pre-trial discovery.
5. The trial judge erred in allowing Officer McNish to testify as to the age of defendant with information being taken from a computer print-out.
6. The trial judge erred in denying defendant's motion for acquittal.
7. The trial judge erred in denying defendant's motion for new trial.
8. The trial judge erred in finding the essential elements of the crime as charged had been proven by the state.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred when it overruled defendant's objection to the state proceeding to trial without supplying specific answers to defendant's motion for bill of particulars. Defendant argues that he was denied his constitutional right, under LSA-Const. Art. 1, § 13, to prepare a defense because the state was *1319 not required to expand the general charges set forth in the bill of indictment by disclosing specific dates, times and places of specific acts of indecent behavior with a juvenile.
The record discloses that defendant's original request for discovery by filing a bill of particulars was not answered by the state. Defendant then requested a hearing to require the state to answer his interrogatories. The trial judge issued an order requiring the state to answer, and, in response thereto, the state made available to defendant and his counsel its entire file on defendant. On the date of trial, defendant again reiterated its request for specific answers to its interrogatories on its motion for bill of particulars, arguing that defendant could not adequately prepare his defense. The trial judge overruled defendant's objection and proceeded to trial.
The scope of the bill of particulars rests within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion and prejudice to defendant. State v. Womack, 283 So.2d 708 (La.1973).
The purpose of a bill of particulars is to inform defendant about the nature and cause of the charge against him; it is not a method for defendant to obtain the state's evidence. State v. Huizar, 414 So.2d 741 (La.1982). The state is not required to open its files to the accused. State v. Loyd, 425 So.2d 710 (La.1982). Nor is the state required to advise defendant of the specific dates on which lascivious conduct allegedly occurred. State v. Case, 357 So.2d 498 (La.1978).
The state argues in brief that it fulfilled its obligation under LSA-C.Cr.P. art. 484[1] when it turned over to defendant's counsel the state's entire file on defendant.
We agree. Although the state did not inform defendant of the exact time and manner of the alleged criminal acts, the state's amended answer to defendant's motion for bill of particulars (which allowed defense counsel to inspect, review, and photocopy the state's entire case file) was specific enough to enable defendant to identify the alleged criminal transactions and to prepare a defense. Cf. State v. Atkins, 360 So.2d 1341 (La.1978), cert. denied, 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402, rehearing denied, 442 U.S. 935, 99 S.Ct. 2871, 61 L.Ed.2d 305 (La.1979).
Under these circumstances, no prejudice resulted since all facts, information, and documents gathered by the state in preparation for trial were available to defense counsel. We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 2
Defendant complains that the trial court erred in allowing the victim, a child of less than 12 years of age, to testify, arguing that the child was too young to be a competent witness and lacked sufficient intelligence to be able to distinguish between right and wrong. At the time of trial, the victim was 10 years of age.
LSA-R.S. 15:469 provides as follows:
"§ 469. Understanding as test of competency; child under twelve years
Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child less than twelve years of age shall, over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness."
*1320 The trial judge has wide discretion in determining the competency of witnesses under 12 years of age. State v. Arnaud, 412 So.2d 1013 (La.1982). The determination of a trial judge as to whether or not a child has the required sufficient understanding is entitled to great weight because he (or she) has the advantage of seeing and hearing the witness. State v. Dees, 439 So.2d 614 (La.App. 1st Cir.1983).
The state called the victim to testify at the trial, and the trial judge conducted a competency hearing pursuant to LSA-R.S. 15:469. The child was sworn and examined by the state, defendant and the court. She correctly stated her age, her address, and her grade at school. She testified that she knew what it meant to tell the truth, what it meant to tell a lie and that she could take an oath to tell only the truth and stick to that oath. She further testified that she sometimes went to Sunday School, that her Sunday School teacher told her it was wrong to tell a lie. Based on this testimony, the trial judge ruled that the child-victim was competent to testify.
During the child-witness's testimony, she often stated "I forgot," whereupon the trial judge again interrogated the 10-year old, as did the defense attorney, to further determine the victim's competence as a witness.
The ruling of the trial judge, determining that the 10-year old victim-witness was competent to testify, is correct. There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial court committed reversible error when it admitted into evidence the testimony of the victim's aunt as to prior out-of-court statements made by the victim to her aunt, arguing that such statements are hearsay and are not admissible into evidence.
Hearsay evidence is evidence of an unsworn out-of-court statement made by a person other than the testifying witness, which evidence is introduced for the truth of its contents; the evidence is non-hearsay when it is offered to prove that an utterance occurred and not to prove the truth of the facts recited. State v. Sheppard, 350 So.2d 615 (La.1977). In prosecution of sex offenders, the original complaint of a young child is admissible when the particular facts and circumstances of the case indicate that it was a product of the shocking episode and not a fabrication. State v. Adams, 394 So.2d 1204 (La.1981).
Testimony in the record before us indicates that the statement in question was made to the victim's aunt in response to questions by the aunt, was made at the earliest opportunity the child-victim had to talk about the lewd and lascivious acts to a close family member, and was made to name the perpetrator of such acts. There is no indication in the record that the child's statement to the aunt was a product of fabrication but, rather, the circumstances reflect that the victim's answer to the aunt's concerned inquiry was merely a truthful one.
Further, in response to defendant's hearsay objection at trial to the statement in question, the trial judge ruled that the statement was relevant and necessary to place the time sequence of the events related by the victim. Thus, the judge admitted the evidence not to prove the truth of the facts recited, but to prove when the utterance occurred. For this reason, the evidence is not hearsay and was relevant to the issue of the time interval between the alleged sexual offenses and the knowledge of those offenses by a caring adult.
We find no error on the part of the trial judge in admitting the questioned statement into evidence. This assignment of error has no merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant complains that the trial judge erred in allowing into evidence testimony of one of the arresting officers, David McNish, as to the age of defendant, arguing that such testimony was hearsay evidence, also that the possible introduction of such evidence, being an inculpatory statement *1321 or confession, was not disclosed to defendant prior to trial.
At trial the prosecutor attempted to elicit from Officer McNish testimony as to the age of defendant. The officer was asked if he had made an arrest report in which defendant had informed Officer McNish of his age. At this point, defense counsel objected on the grounds that, in response to defendant's motion for discovery, the state had replied that it did not intend to use at trial any statements, admissions or confessions made by defendant. At that point, both the prosecutor and the defense counsel approached the bench and, following a discussion with the judge which is not transcribed, the court announced it would allow the testimony subject to defendant's objection. At no point did defense counsel raise an objection on the grounds that the statement was hearsay testimony. The prosecutor then asked Officer McNish what defendant told the officer his age was; Officer McNish replied "Sixty-one." Following a short recess, the prosecution again called Officer McNish back to the stand, and at that time, the officer testified about information from a computer print-out from the Louisiana State Department of Public Safety, Driver's License Division, which print-out gave the information concerning defendant's age. Defense counsel again objected on the same grounds of nondisclosure prior to trial in response to discovery interrogatories. At no time did defense counsel object on the grounds of improper foundation to introduce official documents.
New grounds for an objection cannot be raised for the first time on appeal. State v. Glaze, 439 So.2d 605 (La.App. 1st Cir.1983).
That the testimony of the arresting officer as to the age of defendant should have been disclosed to defendant prior to trial because such a statement is a confession, or inculpatory statement is defendant's sole remaining argument. However, in State v. Korman, 397 So.2d 1346 (La.1981), the Supreme Court held that in non-jury trials, the state is not required to give advance notice under LSA-C.Cr.P. art. 768 of its intent to use a confession and inculpatory statements of defendant. Further, in our discussion of assignment of error no. 1, we have determined that the state, by furnishing its complete file on defendant to defendant and his counsel prior to trial, had fulfilled its obligation in response to defendant's request for discovery.
The trial judge was correct in admitting into evidence the testimony concerning defendant's age. We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the trial court erred when it denied his Motion for Acquittal at the close of the state's presentation of its case-in-chief, arguing that the state had presented no evidence of defendant's age, an essential element of the crime of indecent behavior with a juvenile.
LSA-R.S. 14:81 entitled "Indecent behavior with juveniles," provides in pertinent part:
"Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child's age shall not be a defense."
When defendant's motion for an acquittal is overruled at the close of the state's case, on review the appellate court may consider, in determining whether there is evidence of guilt, not only evidence before the court at the time of the motion but the entire admissible evidence contained in the record of the trial. State v. Hicks, 376 So.2d 118 (La.1979); State v. Smith, 332 So.2d 773 (La.1976); United States v. Bland, 653 F.2d 989 (1981), U.S. cert. denied, 454 U.S. 1055, 102 S.Ct. 602, 70 L.Ed.2d 592, rehearing denied, 454 U.S. 1165, 102 S.Ct. 1043, 71 L.Ed.2d 323 (1982). *1322 The denial of a motion of acquittal may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion. State v. Hargrave, 411 So.2d 1058 (La.1982).
Defendant's argument is based upon his contention that the evidence received at trial establishing defendant's age is inadmissible. Since we have determined that the trial judge did not err in admitting such testimony into evidence at trial, we find that there is no merit to defendant's argument. Further, arguendo, if error was committed by the trial court in admitting the evidence of defendant's age, offered by Officer McNish, the error was harmless in view of the testimony of defendant's wife who was called as a witness for the defense. Mrs. Ohrberg testified without objection that her husband was 62 years of age at the time of the trial.
Therefore, viewing the entire record of testimony taken at trial, we find no error on the part of the trial judge in denying defendant's motion for acquittal.

ASSIGNMENTS OF ERROR NOS. 7 & 8
Defendant contends that the state failed to present sufficient evidence to prove defendant guilty of the crime charged and each element thereof, and for that reason the trial court erred when it denied defendant's motion for new trial.
The granting or denial of a new trial is not subject to review by the appellate court. State v. Bell, 442 So.2d 715, (La.App. 1st Cir.1983). However, we review the sufficiency of the evidence herein as alleged in defendant's formal assignment of error. See State v. Bell, supra.
When considering the sufficiency of the evidence presented at trial, the standard of review is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 431 So.2d 106 (La.App. 1st Cir. 1983). The fact finder is entrusted with the duty of weighing the respective credibility of the witnesses; the appellate court will not second-guess credibility determination beyond the appeal court's evaluation of sufficiency under the Jackson standard of review. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983).
The trial judge determined that although there were many discrepancies in the young victim's testimony at trial, he was convinced that the child was telling the truth and that the events retold actually happened. Further on review, we find the record contains sufficient evidence such that any rational fact finder could find that the state proved all the elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution.
There is no merit to these assignments of error.
Therefore, for the above reasons, the defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] LSA-C.Cr.P. art. 484:

"A motion for a bill of particulars may be filed of right in accordance with Article 521. The court, on its own motion or on motion of the defendant, may require the district attorney to furnish a bill of particulars setting forth more specifically the nature and cause of the charge against the defendant.
Supplemental bills of particulars or a new bill may be ordered by the court at least seven days before the trial begins.
When a bill of particulars is furnished, it shall be filed of record and a copy of the bill shall be given to the defendant."