LANIER, Judge.
This is an “out-of-time” criminal appeal granted by a district court on an application for post conviction relief.
PROCEDURAL FACTS
On January 25, 1974, the West Feliciana Parish Grand Jury indicted Leoncio Costillo for the second degree murder of Billy Vin-ing at the Louisiana State Penitentiary at Angola on July 11, 1973. Costillo was tried by jury on October 15, 1974, and was found guilty. He personally waived sentencing delays and was sentenced to life imprisonment in the custody of the Louisiana Department of Corrections without eligibility for parole, probation or suspension of sentence for twenty years. No appeal was taken from the conviction and sentence.
On May 9, 1983, Costillo filed an application for postconviction relief (La.C.Cr.P. art. 924 et seq.) in the district court contending that he was denied his right to an appeal by the inaction of his court-appointed counsel. On May 16, 1983, the district court judge granted Costillo an “out-of-time” appeal to the Louisiana Supreme Court. On July 20, 1983, the Louisiana Supreme Court transferred the “out-of-time” appeal to this court because the order of appeal was entered after June 30, 1982. La. Const, of 1974, art. V, § 5(E).
Costillo then perfected this “out-of-time” appeal to this court. He asserts the following three assignments of error:
(1)Denial of the effective assistance of counsel because of a conflict of interest, because his court-appointed counsel was the husband of the assistant district attorney who prosecuted him;
(2) Failure of the district court to grant his motion for a directed verdict at the close of the State’s case; and
(3) The verdict of guilty is contrary to the law, evidence and justice because of insufficient evidence to convict.
DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL
Costillo contends for the first time in this “out-of-time” appeal that he was denied the effective assistance of counsel by a conflict of interest because his court-appointed counsel, Stanley E. Branton, was the spouse of one of the prosecutors in the case, Cynthia Picou Branton.
The court minutes indicate that when Costillo was arraigned on February 1, 1974, he was represented by William E. Woodward. Woodward subsequently filed a motion to quash and a bill of particulars on behalf of Costillo. The bill of particulars was answered by Leon A. Picou, Jr., the district attorney. The transcript of the trial shows that the State was represented by Leon A. Picou, Jr., W. Lee Overton and Cynthia Picou Branton. Costillo was represented by Stanley E. Branton.[1] There is no evidence in the record to show that Stanley E. Branton and Cynthia Picou Branton were husband and wife. This issue cannot be adjudicated until evidence is presented to establish this relationship. Accordingly, this issue must be remanded to the district court for the taking of evidence and for a decision. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Willis, 438 So.2d 605 (La.App. 3rd Cir.1983); State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983), writ denied, 433 So.2d 721 (La.1983). In reaching its decision on this issue, the district court should consider State v. Morrow, 440 So.2d 98 (La.1983) and State v. Kahey, 436 So.2d 475 (La.1983) and the authorities cited therein.
*240 SUFFICIENCY OF EVIDENCE
Costillo contends that the record contains insufficient evidence to convict. A claim of insufficient evidence to convict may be raised in an application for post conviction relief. La.C.Cr.P. art. 930.3(1); State ex rel. Ferrand v. Blackburn, 414 So.2d 1207 (La.1982). However, this claim has been raised for the first time in this court in this “out-of-time” appeal. This claim was not asserted in the original application for post conviction relief filed in the district court, although it could and should have been. La.C.Cr.P. art. 926(B)(5). Because this issue was not asserted or ruled upon in the district court, we shall remand it to the district court for consideration and appropriate action.
Costillo also contends that the district court committed error by failing to grant his motion for a directed verdict of acquittal at the close of the State’s case. The trial court transcript shows that at the close of the State’s case in chief, counsel for the defendant moved for a directed verdict of acquittal. This motion was denied and a bill of exceptions was reserved. Costillo then presented the testimony of five witnesses. In rebuttal, the State presented the testimony of two new witnesses and recalled two previous witnesses for additional testimony. When a defendant presents evidence after the denial of a motion for acquittal based on lack of sufficient evidence at the end of the State’s case in chief, his motion must be judged on the entirety of the evidence in the record and not just the evidence initially presented by the State. State v. Hicks, 376 So.2d 118 (La.1979); State v. Smith, 332 So.2d 773 (La.1976). In this posture, this claim is the same as the claim of insufficient evidence to convict.
DENIAL OF RIGHT TO APPEAL
In his application for post conviction relief in the district court, Costillo alleged the following facts to support his claim that he was denied the right to appeal:
Petitioner has a limited education and a limited knowledge of law. Petitioner was under the impression that an appeal was automatically prepared and filed by court-appointed attorney, once convicted and sentenced. Mr. Stanley E. Branton, trial attorney in this matter, never notified that he would not pursue an appeal, or advise Petitioner to seek assistance in the preparation of an appellate brief elsewhere. Petitioner did not know what steps to take in order to appeal the conviction and sentence until he consulted with another inmate, Walter Burnette, D.O.C. 83061, Camp A — Dorm. # 2, Angola, Louisiana on or about December 10, 1982, approximately eight (8) years and two (2) months after date of conviction.
The district court judge summarily granted Costillo an “out-of-time” appeal without giving the State an opportunity to answer the application and/or present evidence on contested factual issues.
La.C.Cr.P. art. 927(A) provides as follows:
If an application alleges a claim which, if established, would entitle the petitioner to relief, the court shall order the custodian, through the district attorney in the parish in which the defendant was convicted, to file an answer within a specified period not in excess of thirty days. (Emphasis added).
Pursuant to La.C.Cr.P. art. 929, a district court may grant a summary disposition on an application for post conviction relief only after the required answer by the State has been filed. Because the district court failed to comply with Articles 927 and 929 and because a remand of this cause is ordered for the other assignments of error, this issue will also be remanded for reconsideration and compliance with the procedures required by law.
DECREE
For the foregoing reasons, this cause is remanded to the district court for further proceedings in accordance with the views expressed herein.
REMANDED.

. The court minutes show that Costillo was represented at the trial by William E. Woodward and Stanley E. Branton, but there is no mention of Woodward in the trial transcript.