# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DESMOND CARTER

NO. 2024 KW 0486

**SEPTEMBER 9, 2024**

---

In Re:    State of Louisiana, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. DC-23-00925.

---

BEFORE:    McCLENDON, WELCH, AND LANIER, JJ.

**WRIT GRANTED.** The trial court's ruling finding that the State's response to the defendant's bill of particulars was insufficient is reversed. The function of a bill of particulars is to inform the defendant more specifically of the nature of the charge against him. It cannot be used as a device to secure the details of the State's evidence or collateral information. **State v. Vince**, 305 So.2d 916, 919 (La. 1974); see also **State v. Vaccaro**, 411 So.2d 415, 422 (La. 1982) ("[a]lthough the defendant is entitled to know what the [S]tate intends to prove, the bill of particulars cannot be used as a 'fishing expedition' to discover details of the [S]tate's evidence."). The defendant has been informed of the nature and cause of the accusation against him. See La. Const. art. I, §13 & **State v. Mills**, 505 So.2d 933, 939 (La. App. 2nd Cir.), writ denied, 508 So.2d 65 (1987). We also note the State has provided or made available for inspection all police reports, laboratory reports, videos, and cell phone data in its possession. See **State v. Ohrberg**, 448 So.2d 1316, 1319 (La. 1984) ("no prejudice resulted since all facts, information, and documents gathered by the [S]tate in preparation for trial were available to defense counsel."). Accordingly, this matter is remanded to the trial court for further proceedings consistent with this ruling.

PMc
JEW
WIL

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT