590 So.2d 694 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Benny Frank LONG, Defendant-Appellant.
No. CR 91-100.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
*695 Lloyd E. Hennigan, Jr., Jena, for defendant-appellant.
Kathleen Petersen, Asst. Atty. Gen., Crim. Div., Baton Rouge, for plaintiff-appellee.
Before GUIDRY, DOUCET and KNOLL, JJ.
KNOLL, Judge.
Defendant, Benny Frank Long, was indicted for one count of aggravated rape of his minor stepson, a violation of LSA-R.S. 14:42, and five counts of attempted aggravated rape of his minor daughter, a violation of LSA-R.S. 14:42 and 14:27. A unanimous jury convicted defendant of all the charged offenses.
The trial court denied defendant's motions for a new trial and post verdict judgment of acquittal as to defendant's conviction for aggravated rape and one count of attempted aggravated rape; it took under advisement the other four counts of attempted aggravated rape. Defendant was then sentenced to life imprisonment without benefit of parole, probation or suspension of sentence on the aggravated rape conviction, and twenty-five years at hard labor on the attempted aggravated rape conviction, to run consecutively to the sentence for the aggravated rape conviction.
Approximately four months later, the trial court determined that it would not set aside defendant's conviction for the additional four counts of attempted aggravated rape. After waiving sentencing delays, the sentencing court sentenced defendant to twenty-five years at hard labor on each of *696 the four counts to be served concurrently with the prior sentence imposed on defendant's other conviction for aggravated rape.
Defendant appeals, alleging ten assignments of error.

FACTS
Defendant was charged with sexual misconduct involving his minor daughter and minor stepson which occurred over a period of years while the children were under the age of twelve. Defendant's stepson testified that defendant's sexual misconduct began with him when he was eight years of age. Defendant's daughter testified that she was seven years of age when defendant's sexual misconduct began with her.
Defendant's daughter and stepson were removed from defendant's custody on July 19, 1989, and placed in the custody of the Department of Health and Human Resources. At the time of trial, defendant's daughter and stepson were ages fifteen and sixteen, respectively.

VIDEOTAPE IN CHILD ABUSE CASES
Defendant contends that the videotape statement of defendant's daughter[1] to Dr. Milton S. Rhea, a licensed psychologist, was erroneously admitted into evidence. He argues that the tape was altered because Dr. Rhea's oral introduction as recorded on the videotape indicates an interview date of July 16, 1989; whereas, at trial, Dr. Rhea unequivocally stated that the interview was held on August 16, 1989.
Under the caption of "Method of recording videotape ...," LSA-R.S. 15:440.4 provides, in pertinent part:
"A. A videotape of a child fourteen years of age or under may be offered in evidence either for or against a defendant charged with the rape or physical or sexual abuse of a child. To render such a videotape competent evidence, it must be satisfactorily proved:
* * * * * *
(4) That the recording is accurate, has not been altered, and reflects what the witness or victim said."
Likewise, under the caption "Admissibility," LSA-R.S. 15:440.5(A)(3) repeats LSA-R.S. 15:440.4 A(4).
In the case sub judice, there has been no showing that the videotape of defendant's daughter was altered. Rather, the issue concerns a mistake as to the date when the videotape was made. Dr. Rhea testified that he made no examination that was not done pursuant to court order, and that he may have said July when he meant August. He further stated that his secretary made the tape label which reflects the August 16, 1989, date. Moreover, Dr. Rhea's written report, which references the videotape statement, reflects that all of his interviews with defendant's daughter were in August 1989. Nowhere does defendant attack the accuracy of the recorded content of his daughter's videotape. The doctor's mistaken date, which was subsequently corrected at trial, does not constitute an alteration of the videotape that would render the videotape inadmissible. Accordingly, the trial court did not err in admitting the videotape statement of defendant's daughter into evidence.
This assignment of error is without merit.

CHALLENGES FOR CAUSE
Defendant contends that the trial court erred in refusing his challenges for cause of jurors John Waggoner and Randy Tyler.
LSA-C.Cr.P. Art. 797 provides that either side may challenge a prospective juror for cause because the juror lacks impartiality or because a relationship between the victim and the juror could reasonably influence the juror in arriving at a verdict.
*697 A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably implied. State v. Smith, 430 So.2d 31 (La.1983). A trial court is accorded great discretion in determining whether to seat or reject a juror for cause, and such rulings will not be disturbed unless a review of the voir dire as a whole indicates an abuse of that discretion.
The focal point of defendant's contention is Mr. Waggoner's statement that he is generally against child molesters, and Mr. Tyler's candid admission that he is kindhearted when it comes to children.
After carefully reviewing the voir dire testimony of both prospective jurors, we cannot say that the trial court abused its discretion in denying defendant's challenge for cause. Mr. Waggoner and Mr. Tyler clearly stated to the trial court that they could comply with the instructions of the court, could listen to the evidence, and neither would improperly emphasize the testimony of children or anyone else. Viewing the voir dire examination of each prospective juror as a whole and applying the legal principles enunciated hereinabove, we cannot say that the trial court was arbitrary or unreasonable in its determination that these two prospective jurors were impartial and able to render judgment according to the law and evidence presented.
Therefore this assignment of error is without merit.

MOTION FOR MISTRIAL AND/OR CHANGE OF VENUE
Defendant contends that the trial court erred in denying his motions for mistrial or change of venue when he learned during voir dire that three prospective jurors overheard comments about the case from a sequestered witness.
The record shows that during voir dire examination three prospective jurors indicated that they heard discussions about the case and defendant's guilt in conversations that were held with a potential witness in the hallway outside the courtroom. The three tainted prospective jurors were excused by the court.
The trial court called the offending prospective witness into court and interviewed him outside the presence of the jury. Afterwards defendant moved for a mistrial and reurged his motion for a change of venue which had been denied earlier.
LSA-C.Cr.P. Art. 775 provides, in pertinent part, that a mistrial may be granted if there is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law.
A mistrial should only be granted when statutorily mandated or when the defendant suffers substantial prejudice which deprives him of any reasonable expectation of a fair trial. The determination of whether prejudice has resulted is within the sound discretion of the trial judge whose ruling should not be disturbed absent an abuse of discretion. State v. Franklin, 520 So.2d 1047 (La.App. 3rd Cir. 1987).
In the present case, the trial court excused the three prospective jurors because of their frank testimony about what the prospective witness told them. In addition, the defendant had an opportunity to question all of the jurors chosen at that point, and the record establishes that none of them had formed a biased opinion. Accordingly, since the record is void of any evidence that the actual jury was tainted, we find no abuse of discretion in the trial court's denial of defendant's motion for a mistrial.
In an ancillary argument, defendant also requested that the trial court grant a change of venue.
LSA-C.Cr.P. Art. 622 provides:
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.

*698 In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
In State v. Morris, 429 So.2d 111, 117 (La.1983), the Louisiana Supreme Court stated:
"The mere fact that a jury was successfully empaneled does not render the venue question moot. Article 622 of the Code of Criminal Procedure clearly states that in deciding whether to grant a change of venue, "`the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial.'" (emphasis added) The intention of the redactors in adding this provision was made clear by their commentary to the article:
'The change of venue concept must be one which overrides the challenge for cause concept and is to be superimposed upon the entire proceedings. A change of venue ought to be available even though individually, each juror is not susceptible to a valid challenge for cause, if the defendant can show that overriding all of these things and superimposed upon all of them he still cannot get a fair trial. The change of venue concept should operate where the state of the public mind against the defendant is such that jurors will not completely answer honestly upon their voir dire, or witnesses will be so affected by the public atmosphere that they will not testify freely and frankly. It is the purpose of the second paragraph of this article to effect such a policy....'
La.C.Cr.P. Art. 622, Official Comment (b).
The standard of fairness requires that a defendant have a panel of impartial, indifferent jurors. This does not mean, however, that the existence of any pre-conceived notion as to the guilt or innocence of an accused is sufficient to rebut the presumption of a prospective juror's impartiality. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. Murphy v. Florida, 421 U.S. 794, 800, 95 S.Ct. 2031, 2036, 44 L.Ed.2d 589, 595 (1975); Irvin v. Dowd, 366 U.S. 717, 722-23, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961); State v. Goodson, 412 So.2d 1077 (La.1982).
At the same time, the juror's assurances that he is equal to this task cannot be dispositive of the accused's rights. Murphy v. Florida, supra. If the defendant can demonstrate the actual existence of a fixed opinion as to defendant's guilt, the individual juror may be excluded by a challenge for cause. Furthermore, if the defendant can demonstrate that actual prejudice, influence, or other reasons exist which will affect the answers of jurors on the voir dire examination or the testimony of witnesses at trial, the court must take this into consideration in deciding whether to grant a change of venue. La.C.Cr.P. art. 622; State v. Goodson, supra; State v. Rodrigue, 409 So.2d 556 (La.1982)."
After carefully reviewing defendant's contention in light of the law and jurisprudence, we find no evidence to demonstrate that the comments of the prospective witness in the hall actually prejudiced or influenced the answers given during voir dire or the trial testimony.
In summary, the record is clear that the three tainted prospective jurors were excused by the court from the jury panel. There is no evidence that the comments of the prospective witness in the hallway created any prejudice in the minds of the actual jurors which would warrant a mistrial. Furthermore, the record is void of any attempt to prove that the public mind was so against defendant that a change of venue was warranted. Therefore we find no merit to defendant's assignment of error.

*699 TRIAL REPRESENTATION
Defendant contends that the trial court erred in allowing defense counsel to represent defendant after his election as District Attorney, but prior to taking office. In order to assess defendant's contention, we need to know when his defense counsel was elected as District Attorney. After carefully reviewing the record and defendant's brief, we find that we have not been presented with that information. In the absence of this threshhold fact, we will not speculate on the question raised. Therefore this assignment of error is without merit.

INEFFECTIVE ASSISTANCE OF COUNSEL
Defendant contends that he was denied the effective assistance of counsel, citing a single assertion that his trial attorney failed to allege an additional ground for the recusal of the trial judge.
The issue of ineffective assistance of counsel is more properly raised by an application for post conviction relief in the district court. State v. Prestridge, 399 So.2d 564 (La.1981). Accordingly, this issue will not be addressed.

EXCULPATORY EVIDENCE
Defendant contends that the trial court erred by failing to have the State divulge exculpatory evidence.
Defendant fails to set forth the law and jurisprudence nor does he make any reference to the record. Therefore, pursuant to LSA-Uniform RulesCourts of Appeal Rule 2-12.4, we may disregard defendant's argument.
Nevertheless, the record is without contradiction that the State informed defendant in its answer to defendant's motion for bill of particulars that it had no exculpatory evidence regarding defendant. Likewise, after the trial court conducted an in camera inspection of various records in the custody of the Louisiana Department of Health and Human Resources concerning defendant's family, it advised defendant that no exculpatory evidence was contained therein. Accordingly, in the absence of a contrary showing that exculpatory evidence existed, defendant has not presented any grounds on which to base this complaint.
Therefore we find no merit to this assignment of error.

OTHER CRIMES EVIDENCE
Defendant contends that the trial court erred in allowing the State to introduce evidence of other alleged crimes. Even though defendant fails to specify which other crimes evidence prejudiced him, we shall address his contentions since the trial court held three hearings pursuant to State v. Prieur, 277 So.2d 126 (La.1973), prior to trial on the issue of the admissibility of other crimes evidence, and this issue was hotly contested in the trial court.
Defendant's assignment of error presents two classes of evidence which must be analyzed: (1) other crimes evidence committed against defendant's daughter and stepson; and, (2) other crimes evidence committed against a victim other than the victims for which defendant was being tried, namely a stepdaughter who lived in defendant's home some years ago.
In State v. Howard, 520 So.2d 1150 (La. App. 3rd Cir.1987), writ denied, 526 So.2d 790 (La.1988), Judge Yelverton as the organ of this court, set out in detail the law and fully explored the jurisprudence on the issue of the admissibility of other crimes evidence. Even though State v. Howard, supra, precedes the enactment of LSA-C.E. Art. 404, the replacement article for former Code of Criminal Procedure Articles 445 and 446, the comments clearly indicate no change in the law relative to other crimes evidence. Therefore we shall incorporate by reference the lengthy holdings and expose of State v. Howard, supra, relative to other crimes evidence and not repeat that well established jurisprudence herein.
Defendant contends that an overwhelming majority of the State's case, which included the videotaped statement of defendant's daughter, as well as her in-court *700 testimony, and the testimonies of his stepson, and another stepdaughter, together with the expert testimony of the psychologists relative thereto, was used by the State for the presentation of other crimes evidence to show defendant's bad criminal character.
Defendant received notice of the videotape deposition of his daughter as early as October 26, 1989, and knew at that time that the State intended to introduce that tape as evidence. Moreover, in response to a pre-trial discovery motion and a motion for a bill of particulars, the State informed defendant of specific sex crimes defendant committed against his daughter and stepson.
Defendant received a Prieur notice on December 22, 1989, that evidence would be used to establish the defendant's "knowledge, guilty knowledge, intent motive and/or system" and that the evidence consisted of the testimony of defendant's daughter and stepson relating to "other sexual misdeeds not amounting to actual or attempted intercourse." The State further notified defendant about the testimony of a third victim, a stepdaughter who once lived in defendant's home, which would reveal "other sexual misdeeds including actual or attempted intercourse while said witness was a minor child living in defendant's household."
A Prieur hearing was held on January 4, 1990, and the trial court denied the admissibility of the other crimes evidence. A second Prieur hearing was held in which the trial court again denied the State's motion relative to other crimes evidence offered by defendant's daughter and stepson, but granted the State's motion as it pertained to the other crimes evidence of defendant's stepdaughter who no longer lived in his household. Defendant's writ application on the trial court's ruling on the admissibility of the testimony of the stepdaughter was denied by this court on March 8, 1990.
The State then provoked a third Prieur hearing on the admissibility of the other crimes evidence offered by defendant's daughter and stepson. After taking the matter under advisement, the trial court ruled that the court would allow defendant's daughter and stepson to testify to prior sex crimes allegedly committed against them. In making this determination, the trial court also ruled that this testimony was limited to only those sex crimes which occurred prior to the incident for which defendant was charged and the activity had to occur prior to the time the victims reached twelve years of age. The trial court further ruled that the evidence of other crimes against the stepdaughter would be allowed, but was limited to crimes similar to that for which defendant was presently being tried.
After carefully reviewing the jurisprudence and the law of Louisiana, we find that the trial court properly ruled that defendant's daughter and stepson could testify about other sex crimes perpetrated against them by defendant prior to their twelfth birthday. This evidence of other sex offenses involving the same victims as the offense for which defendant was being tried, clearly evidenced defendant's lustful attitude toward them. State v. Acliese, 403 So.2d 665 (La.1981). Likewise, the testimony of defendant's stepdaughter, a third victim, was admissible to prove defendant's motive, plan, or general intent as it pertained to his daughter, and it provided strong corroborative evidence of the victim's testimony that she was subjected to defendant's sexual molestation at an early age.
Further, after carefully reviewing all of the other crimes evidence, we find that the evidence was clear and convincing that defendant committed the other crimes, and that the probative value of the evidence outweighed the risk of prejudical affect. State v. Howard, supra.
The record shows that the learned trial court went to extreme lengths to limit the prejudical effect of the other crimes evidence against defendant. Throughout the trial, out of the presence of the jury, the trial court admonished the State to carefully follow the guidelines set down by the court with reference to the admissibility of other crimes evidence against defendant. Likewise, at the close of the testimony of *701 each State witness who testified about other crimes evidence, as well as in its closing instructions, the trial court cautioned the jury:
"That evidence cannot be considered as directly proving the defendant's guilt of the crime[s] charged or as bearing on his character, reputation or criminal tendency. Under your oath you are restricted in considering such evidence only for the purpose of deciding whether or not the defendant had a particular sexual desire for ... [his daughter and stepson] and you are to consider the presence or absence of such desire as a factor in determining whether the defendant committed the crimes which he is charged with...."
Considering the trial court's close attention to the use of other crimes evidence, we find that the prejudicial effect of this evidence was well tempered so that the probative value of the evidence was well understood by the jury.
Therefore we find this assignment of error is without merit.

POST VERDICT MOTIONS
Defendant next contends that the trial court erred in not granting the motion for new trial and/or post verdict judgment of acquittal. Defendant argues that the majority of the testimony from the witnesses concerned other crimes the defendant allegedly committed, and that the testimony of the two victims was so contradictory that a rational trier of fact could not rely upon it to support his conviction for aggravated rape and five counts of attempted aggravated rape.
In addressing defendant's assignment of error, we will bifurcate our discussion. Initially, we will focus our attention on defendant's convictions for aggravated rape and one count of attempted aggravated rape. Following that discussion, we will address the merits of defendant's contentions with regard to defendant's remaining four convictions for attempted aggravated rape. We have treated these convictions separately because we find that neither the trial court nor defendant properly analyzed the merits of the motion for a new trial as it applied to the four counts of attempted aggravated rape which the trial court took under advisement.
The cases addressing the proper standard for reviewing a defendant's conviction for sufficiency of the evidence under LSA-C.Cr.P. Art. 821, the motion for post verdict judgment of acquittal, are legion. Suffice it to say that the evidence is insufficient if, viewed in a light most favorable to the State, a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
However, in State v. Landry, 524 So.2d 1261 (La.App. 3rd Cir.1988), writ granted in part on other grounds, 531 So.2d 254 (La. 1988), appeal after remand, 546 So.2d 1231 (La.App. 3rd Cir.1989), this circuit recognized that the sufficiency of evidence may also be scrutinized under a motion for new trial filed pursuant to LSA-C.Cr.P. Art. 851. In Landry, we stated at 1266:
"[W]e hold that a Trial Judge, in reviewing the merits of a motion for a new trial must review the weight of the evidence and, as such, make a factual determination as a thirteenth juror. The Trial Judge is not to use the Jackson analysis in determining whether a defendant is entitled to a new trial, i.e., he is not to view the evidence in a light most favorable to the State in determining whether or not a rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. The Jackson standard is to be used only to determine if the defendant is entitled to an acquittal based on insufficient evidence. While the motion for post verdict judgment of acquittal is the proper procedural vehicle a defendant should use to urge insufficient evidence, since the motion for a new trial is still recognized as a proper procedural vehicle to assert this issue, we find it necessary to instruct a Trial Judge to review such a motion under both the thirteenth juror standard, in order to determine whether the defendant is entitled to a new trial and the Jackson standard in order to determine *702 whether the defendant is entitled to an acquittal based on insufficient evidence. This is to insure that a defendant's assertion of insufficient evidence has been properly considered. Hence, a motion for a new trial urging insufficient evidence will require a dual determination by the Trial Judge."
In the case sub judice, the trial court held a hearing on defendant's motions for new trial and/or post verdict judgment of acquittal. The trial court reviewed the testimony of the victims, determining the credibility of their accounts, a proper inquiry under the standard of review for a motion for new trial, and looked carefully at the other corroborating evidence presented. After hearing argument from counsel, the trial court found as to the convictions for aggravated rape and as to one count of the attempted aggravated rape that both motions should be denied. For reasons which follow, we find no error in the trial court's denial of these post verdict motions.
Our review of the record with regard to defendant's conviction for aggravated rape shows that the State proved every element of the crime. Defendant's stepson specifically testified that when he was eight years of age defendant "made me bend over the bed and, and put his penis in my bottom." After reviewing defendant's stepson's assertion in light of the psychological evidence, both the jury and the trial court resolved any credibility determinations against defendant, and found sufficient evidence to convict defendant of aggravated rape.
In like manner, the evidence further supports the determination of the jury and the trial court that the State proved every element of the crime of attempted aggravated rape of defendant's daughter, at least with regard to one count of the indictment. Defendant's daughter testified by videotape and live. During her courtroom appearance, she told the jury that at the age of ten, her father would "mostly just touch my breast and touch my vagina area and he'd have me touch him." In detail, she explained, "And sometimes he just told me take off my clothes and get upon the bed, and he'd tell me to spread my legs and he would try to insert his penis in my vagina but he couldn't, see, so he never did." Here, too, both the jury and the trial court resolved any credibility questions raised during the trial against defendant, and found sufficient evidence to support this conviction.
As stated earlier, our review of the record satisfies us that the trial court properly examined the testimonies adduced at trial and stated for the record that it found no merit to defendant's motions for new trial and post verdict judgment verdict of acquittal with regard to these two counts of the indictment.
Nevertheless, after reviewing the record, we cannot say that the trial court properly determined the post verdict motions of defendant with regard to the remaining four convictions for attempted aggravated rape of his daughter.
In particular the trial court stated:
"In reviewing the entire record on the four counts of attempted aggravated rape charges that the court was obligated to consider by virtue of the prior motions the court would have to state that in its opinion the testimony on those four counts was somewhat slim, but the court does not have the luxury of substituting its opinion for the opinion of the jury. That the court can only take out everything which is not favorable to the state, consider that which is favorable to the state and consider whether there was adequate evidence in that situation to grant, to justify such a verdict. Applying that test to this matter the court cannot say that the jury erred as to the four additional charges that have not previously been considered and that being the case the court denies the motion to set those particular matters aside."
After carefully reviewing this language, we find it clear that the trial court improperly rejected defendant's motion for a new trial, using a Jackson standard of review rather than making a factual determination as a thirteenth juror. Accordingly, we find it necessary to vacate the sentences imposed *703 on the four convictions for attempted aggravated rape, and remand this portion of defendant's conviction to the trial court for a ruling on defendant's motion for a new trial based on the proper standard of review elaborated upon hereinabove. In all other respects, defendant's assignment of error is without merit.

EXCESSIVE SENTENCE
Defendant next contends that his sentence of life imprisonment for the aggravated rape of his stepson is excessive.[2]
Defendant's sole argument is that although life imprisonment is mandated by LSA-R.S. 14:42, it is not justified by the crime, and constitutes an arbitrary infliction of punishment.
This argument was addressed and squarely rejected in State v. Prestridge, supra, and State v. Talbert, 416 So.2d 97 (La.1982). For reasons enunciated fully therein, we find no merit to defendant's argument.

DECREE
For the foregoing reasons, defendant's convictions and sentences for aggravated rape and one count of attempted aggravated rape are affirmed. Defendant's sentences for the remaining four counts of attempted aggravated rape are vacated and set aside, and this matter is remanded to the trial court for reconsideration of defendant's motion for a new trial on these counts alone. After the trial court has reconsidered its ruling on defendant's motion for a new trial, defendant shall either be granted a new trial or resentenced in accordance with the trial court's determination.
CONVICTIONS AFFIRMED; SENTENCES VACATED IN PART AND REMANDED.
NOTES
[1] The videotape statement of defendant's stepson was excluded from evidence because he was fifteen years of age at the time of the interview. LSA-R.S. 15:440.1 et seq., restricts the admissibility of videotaped statements to child victims who are chronologically fourteen years of age or under.
[2] Defendant does not complain of his twenty-five year sentence on the first count of attempted aggravated rape.