593 So.2d 677 (1991)
STATE of Louisiana
v.
Carl ESPONGE.
No. KA 90 2008.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*678 Louis Thad Toups, Asst. Dist. Atty., Thibodaux, for plaintiff appellee State of La.
Carlton J. Cheramie, A Professional Law Corp., Cutoff, for defendant appellant Carl Esponge.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, Carl Anthony Esponge, was charged by bill of information with indecent behavior with a juvenile, a violation of La.R.S. 14:81. After a trial by jury, defendant was found guilty as charged. The court sentenced defendant to serve seven years at hard labor. Defendant now appeals, urging three assignments of error.
On November 22, 1989, the thirty-five-year-old defendant had been invited to the victim's house for dinner and to spend the night. The victim, who is defendant's cousin, lives with his mother and his stepfather. The victim's mother testified that defendant was a good friend of the family's and that he came over for dinner about once a week and often spent the night. The fifteen-year-old victim testified that, about 8:30 or 9:00 p.m., he went into his room to sleep. Previously, he had asked his mother for permission to sleep on the couch; but his mother had responded that he had a perfectly good bed in his room and had denied his request.
About five or ten minutes later, defendant walked into the bedroom and approached the victim's bed, reached into the victim's underwear and started to fondle his penis. The victim testified that he was wearing boxer underwear and a tee shirt and that defendant was naked. The victim's mother testified that she needed her son to go to the grocery store for her.
She testified that when she walked into the bedroom, she saw that the guest bed was empty and that defendant was naked, seated on the victim's bed and bent forward. She began to scream for defendant to get out of her house, which he did.
Defendant testified that the victim's stepfather and he had been drinking all afternoon and that he went to bed before the victim. Defendant further testified that he passed out in the bed and woke up to find the victim sucking his penis and the victim's mother screaming for him to get out of her house.
FIRST ASSIGNMENT OF ERROR:
In his first assignment of error, defendant alleges that the trial judge erred in allowing the State to make reference to other crimes evidence, more particularly, to prior alleged acts of defendant to establish the "lustful disposition of the defendant towards the victim to show his system and intent." The victim testified that defendant had fondled and sucked his penis twice before, but that he told no one of these incidents because he was afraid people would believe that he wanted and liked such actions by defendant.
The record reflects that on May 24, 1990, the state filed a notice of intent to use other crimes evidence. Pertinent minute entries show that the trial court took the matter under advisement until defendant's June 6 trial. After the jury was selected and sworn, the trial court took up the matter of the state's notice to use other crimes evidence and ruled it would admit this evidence.
Evidence of other crimes related to the offense with which a defendant is charged is generally inadmissible. However, Louisiana courts have recognized certain exceptions to the general exclusionary rule, including the admissibility of evidence of prior sex crimes committed against the same victim. See State v. Acliese, 403 So.2d 665, 667 (La.1981): State v. Orgeron, 512 So.2d 467, 472 (La.App. 1st Cir.1987), writ denied, 519 So.2d 113 (La.1988). See also La.C.E. at 404(B)(1). In Acliese, the court concluded that evidence of prior rapes or attempted rapes by the defendant of the eleven-year-old daughter of the woman with whom he was living was properly admitted *679 in the defendant's prosecution for aggravated rape of the child.
In the instant case, the other crimes evidence set forth in the state's notice and the testimony adduced at trial pertaining to the other crimes evidence related to prior sex crimes committed by defendant against the same victim. Accordingly, this evidence was admissible.
This assignment lacks merit.
SECOND ASSIGNMENT OF ERROR:
In his second assignment of error, defendant alleges that the trial judge erred in refusing to allow defense counsel to impeach the victim's credibility by reference to his previous juvenile adjudication. The judge ordered a recess and sent for the victim's juvenile record. After viewing the record, the judge stated that the adjudication was for theft which occurred three years prior to the trial and did not involve the defendant. Therefore, the judge ruled that, because the victim was not the state's only witness and because the adjudication had nothing to do with a sex crime or the defendant, the juvenile adjudication was not admissible to impeach the witness.
Generally, evidence of juvenile adjudications is not admissible to impeach a witnesses' credibility. La.C.E. art. 609.1F. However a defendant's right to confront and cross-examine witnesses, found in the Sixth Amendment to the United States Constitution, is a fundamental right applicable to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965). This right to confrontation is also found in Art. I, § 16, of the Louisiana Constitution. State v. Rankin, 465 So.2d 679, 681 (La.1985). Confrontation means More than being allowed to confront the witnesses physically. The main and essential purpose of confrontation is to secure the opponent the opportunity of cross-examination. Davis v. Alaska, 415 U.S. 308, 315-16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).
The crucial question in each case involving a witness's juvenile adjudication and the right to confrontation is whether the defendant will be prevented from employing a means of impeachment that would be effective in his particular case if he is not permitted to refer to the juvenile record. State v. Hillard, 398 So.2d 1057, 1060-1061 (La.1981).[1] In the instant case, the juvenile record involves an adjudication for theft three years prior to the trial and not sex crimes of any type. Further, although the trial court did not allow defense counsel to explore the victim's juvenile record, the victim did acknowledge, in response to a question by defense counsel, that he had been convicted of a crime. Finally, the state presented another witness who corroborated the victim's testimony. Therefore, we agree that the evidence was not necessary for a fair determination of the defendant's guilt or innocence, and, accordingly, find no error in the ruling complained of.
This assignment of error lacks merit.
THIRD ASSIGNMENT OF ERROR:
In his third assignment of error, defendant alleges that the trial judge erred *680 in his instruction and charge to the jury by lessening the burden of proof required in criminal cases by using the words "has only to prove" in describing the requisite burden. The pertinent part of the jury charge is as follows:
... The State, however, was not called upon to prove the guilt of the accused to an absolute certainty. The State has only to prove the guilt of the accused to your satisfaction and beyond a reasonable doubt.
The ruling of the trial judge on an objection to a portion of his charge to the jury will not be disturbed unless the disputed portion, when considered in connection with the remainder of the charge, is shown to be both erroneous and prejudicial. State v. Butler, 563 So.2d 976, 988 (La.App. 1st Cir.), writ denied, 567 So.2d 609 (1990). In the instant case, we find that reasonable persons of ordinary intelligence would have no problem in understanding the judge's words. We find that under, the circumstances and taking the words in context with the whole charge, the judge's words did not indicate to the jury that the requisite burden of proof was lessened.
This assignment of error lacks merit.
PATENT ERROR
Upon reviewing the record, we have discovered a sentencing error patent on the face of the record. The trial judge did not give defendant credit for time served when the sentence was imposed.
La.C.Cr.P. art. 880 requires the court to give a defendant "credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Patent sentencing error occurs when the trial court fails to specify that the defendant is to receive credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973). See also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we amend the sentence to reflect that defendant is to be given credit for time served prior to the imposition of his sentence. See La.C.Cr.P. art. 882(A). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; AND REMANDED.
NOTES
[1] Originally, the Louisiana Supreme Court could not decide the issue of whether defendant Hillard was denied his constitutional right to confrontation by the trial court's refusal to allow cross-examination of the state's key witness, Johnson, concerning his juvenile record because the Supreme Court was not furnished with Johnson's juvenile record. The Supreme Court remanded the case to allow the trial court to examine Johnson's juvenile record and to make a determination of whether it was sufficiently probative of Johnson's veracity such that its admission was necessary for a fair determination of defendant's guilty. In State v. Hillard, 421 So.2d 220 (La.1983), the Supreme Court reviewed the trial court's decision that Johnson's juvenile record was not sufficiently probative and reversed. In that case, Johnson was the crucial witness for the prosecution; and the defense succeeded in bringing out several inconsistencies in Johnson's testimony as well as the fact that Johnson had been convicted of burglary. Johnson's juvenile record consisted of adjudications for aggravated assault and simple battery, as well as two adjudications for shoplifting and burglary. Johnson's juvenile record was very relevant to the issue of his veracity because an issue of credibility had developed between Johnson and defendant, Hillard.

The instant case can be distinguished on its facts. In the instant case, the victim is not the only state witness and his juvenile record is neither extensive nor relevant to the crime committed.