670 So.2d 651 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Rodney JOHNSON, Defendant-Appellant.
No. 95-1002.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1996.
*652 Charles F. Wagner, Dist. Atty., Alexandria, for State.
Joseph Richard Kutch, Pineville, for Rodney Johnson.
Before COOKS, DECUIR and GREMILLION, JJ.
*653 GREMILLION, Judge.
The defendant, Rodney Johnson, was charged by bill of indictment on October 20, 1994, with one count of aggravated rape of a child in violation of La.R.S. 14:42. Defendant entered a plea of not guilty on October 28, 1994. Pursuant to the state's motion, a Prieur hearing was held on March 29, 1995. On April 11, 1995, before jury selection, the state amended the bill of indictment to allege the defendant committed aggravated rape between January 1, 1986 and April 1989 rather than on January 1, 1986 and April 1989. After a petit jury trial was held on April 11-13, 1995, defendant was found guilty as charged by a unanimous vote. On April 28, 1995, defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant made an oral motion to reconsider the sentence, which was denied by the trial court. Defendant now appeals his conviction, alleging four assignments of error.

FACTS
Defendant committed aggravated rape upon his stepdaughter, N.J.[1], between the dates of January 1, 1986 and April, 1989. N.J. was between the ages of three and six years during the course of the sexual conduct alleged in the bill of indictment. The initial accusation of rape occurred when N.J. blurted out that her stepfather had raped her and now had done the same to her sister.

ASSIGNMENT OF ERROR NUMBER 1
Defendant claims the trial court erred in permitting the prosecution to introduce testimony at trial involving other sexual crimes committed by defendant against someone other than the victim. This testimony was set forth in a Prieur hearing. On January 18, 1995, the state filed a Motion to Introduce Evidence of Other Crimes pursuant to La.Code Evid. art. 404(B). According to the state, the defendant engaged in sexual behavior with another child, whose date of birth is April 11, 1986. The state alleged the evidence was "admissible pursuant to La. C.E. 404(B) because it shows a propensity and plan of the defendant to engage minor children living in his home in various forms of sexual behavior." At the Prieur hearing held on March 29, 1995, J.J. testified[2]. At the time of the hearing, J.J. was eight years old and in the third grade. According to J.J.'s testimony, the victim is her twelve year old sister. J.J. further testified that her father is the defendant, Rodney Johnson. Although J.J.'s mother and the defendant split up, J.J. continued to see the defendant on the weekends. J.J. testified as follows:
Q: When you spent the night at your dad's house, did anything ever happen that made you feel kinda bad? Made you feel uncomfortable?
* * * * * *
Q: Okay. Was that the time that something happened that made you feel bad?
A: Yes.
Q: Can you tell the Judge what happened?
A: He rubbed lotion on me and went too high.
Q: He went too high? How high did he go, honey?
A: To my waist.
Q: Okay. Did ... did he touch you somewhere that made you feel bad?
A: Yes.
Q: And where was that?
A: My private.
Q: Okay. Did he do anything else besides touch it?
A: Put his mouth on it.
When asked if anything happened to her sister, N.J., J.J. testified: "[w]hat happened to me but he didn't get to do what he done to me. He just went to her legs. She went underneath the bed."
The victim, N.J., also testified at the Prieur hearing. When asked if anything unusual *654 happened when she and J.J. spent the night with the defendant, N.J. testified:
A: He was rubbing ... he asked my sister if she wanted some lotion on her legs and she said alright. Then I asked for some.
Q: You asked for some?
A: Yes, sir. But I was gonna rub it on myself.
Q: Okay.
A: And he just grabbed my leg and rubbed it and then he grabbed me and I yanked my leg away and rolled under the bed. Slept there for the night.
N.J. stated that the defendant grabbed her once on her private part when he was trying to rub lotion on her leg. She also said that she did not see anything happen to her sister. Both girls gave this same testimony at trial.
At the Prieur hearing, the state argued that the evidence of the lotion incident with J.J. was admissible to show "a propensity and plan of the Defendant to engage minor children living in his home in various forms of sexual behavior." In response, the defendant argued the evidence was insufficient to show the behavior of the defendant was criminal. The trial court found the evidence admissible.
The trial court did not err in its ruling. This court was faced with a similar issue in State v. Howard, 520 So.2d 1150 (La.App. 3 Cir.1987), writ denied, 526 So.2d 790 (La. 1988). After extensively discussing Louisiana's jurisprudence on this issue, this court concluded:
Louisiana cases have determined that other crimes evidence may be admissible if the evidence had independent relevance to establish motive. State v. Abercrombie, [375 So.2d 1170 (La.1979)] supra; State v. Sutfield, 354 So.2d 1334 (La.1978). Other crimes evidence which has independent relevance and is admitted to show motive must satisfy two tests: 1) the evidence must be clear and convincing that the defendant committed the other crimes, and 2) the probative value of the evidence must outweigh the risk of prejudicethe risk that the defendant will be convicted because the evidence is used to show he is a man with a criminal disposition. State v. Abercrombie, supra. (The Abercrombie case makes a clear distinction between motive and intent. Although specific intent is not an essential element of aggravated rape, evidence introduced to establish general intent or motive is admissible. State v. Hills, 259 La. 436, 250 So.2d 394 (1971).)
In the instant case, the evidence of previous sexual assaults against a daughter at a period of time analogous to the current victim (pre-teen years) and under similar circumstances (appellant intoxicated and alone with the victim in that others are either away or asleep) demonstrated motive and a plan to systematically engage in nonconsensual relations with his daughters as they matured physically. See State v. Goforth, 59 N.C.App. 504, 297 S.E.2d 128 (1982). Additionally, the testimony was introduced to corroborate the assertions by the prosecutrix. See State v. Raye, 73 N.C.App. 273, 326 S.E.2d 333 (1985); People v. Hammer, 98 Mich.App. 471, 296 N.W.2d 283 (1980). The evidence of the prior crimes was clear and convincing in that the victim of that assault testified to the facts. Furthermore, the trial judge properly held that the probative value of the testimony outweighed any potential prejudicial effect. Again, the testimony tended to establish a motive which induced appellant's actions toward the victim. State v. Abercrombie, supra at 1175. The similarity in the timing of the acts and the fact that they were apparently precipitated by appellant's intoxication could establish plan or opportunity. Without this testimony, the jury would have had little corroboration of the victim's assertions.
Although the sexual assaults about which the elder daughter testified occurred some eight years prior to the testimony, the finding in State v. Cupit, [189 La. 509, 179 So. 837 (1938)] supra, states that this time period should go to the weight rather than the admissibility of the testimony. See also Cooper v. State, 173 Ga.App. 254, 325 S.E.2d 877 (1985) (19 years between offense and testimony); Allen v. State, 152 *655 Ga.App. 481, 263 S.E.2d 259 (1979) (eight years between offense and testimony).
The testimony of family members other than the prosecutrix concerning prior sexual offenses by the defendant under analogous circumstances is admissible and has independent relevance to establish motive, plan and opportunity. The trial judge must always weigh the probative value of such testimony against the potential prejudicial effect. In the present case, the trial judge was correct in determining that the probative value outweighed any potential for prejudice. This assignment of error is without merit.
Id. at 1154.
This court again addressed this issue in State v. Long, 590 So.2d 694 (La.App. 3 Cir.1991). In Long, we held that other crimes testimony given by someone other than the victim was admissible for the following reasons:
... to prove defendant's motive, plan, or general intent as it pertained to his daughter, and it provided strong corroborative evidence of the victim's testimony that she was subjected to defendant's sexual molestation at an early age.
Id. at 700.
Finally, in State v. Tyler, 619 So.2d 807 (La. App. 1 Cir.1993), writ denied, 624 So.2d 1225 (La.1993), the court found that since the defendant denied that any sexual acts occurred between him and the victim, "the victim's credibility was at issue and any evidence of defendant having a motive or plan to engage in sexual relations with young female relatives would be relevant to establish the crime occurred." Id. at 811.
Considering the holdings of Howard, Long and Tyler, the trial court did not err in the case sub judice by admitting evidence of defendant's sexual misconduct with the victim's step sister, J.J. The sexual misconduct towards J.J. occurred at a period of time analogous to the current victim's age (pre-teen years). The circumstances surrounding the incident involving J.J. and some of the victim's allegations against the defendant are similar in that they both occurred while defendant was babysitting either or both of the girls. According to his opening and closing statements, defendant claims he was not the one who sexually abused the victim. Thus, the victim's credibility is at issue, and the evidence of acts of sexual molestation against another victim should be admitted to show defendant's propensity to engage his young daughters in sexual relations. We find J.J.'s testimony is admissible under the holdings of Long and Tyler, and the probative value of the evidence outweighs its prejudicial effect considering defendant's attack on the victim's credibility.
Further, the defendant does not contest in his brief that the incident with J.J. was proved by clear and convincing evidence. Regardless, we find since J.J. herself testified as to the facts surrounding the incident, it was proved by clear and convincing evidence. Howard, 520 So.2d 1150.
Although defendant did not brief this issue in detail, it appears he is also challenging the introduction of testimony with regards to what happened to the victim while he was applying lotion to her. That testimony was admissible. In State v. Dixon, 628 So.2d 1295 (La.App. 3 Cir.1993), this court stated:
In a prosecution for the commission of rape of a female under the age of consent, the evidence of prior sex offenses committed by the defendant with the same prosecutrix is generally admissible. Such evidence has been admitted for various reasons, such as corroboration of the offense charged, to show intimate relations between the parties, the lustful disposition of the defendant and the probability of his having committed the offense charged, or to rebut the defense alibi. (Citations omitted). However, a Prieur notice is usually given prior to trial.
Id. at 1298.
The testimony involving the lotion incident with the victim was adduced at the Prieur hearing. Thus, defendant received Prieur notice, and that testimony was admissible at trial. For the foregoing reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
By this assignment, defendant contends the trial court erred in permitting the prosecution to substantively amend the bill of *656 indictment the day of trial, and in failing to grant the defense a continuance. The initial bill of indictment charged that defendant committed aggravated rape "... on or about the 1st day of January, 1986 and April, 1989..." The prosecution amended the indictment on April 11, 1995, the first day of trial, to charge defendant with committing aggravated rape "... between January 1, 1986 and April 1989 ..." Defendant moved for a continuance, claiming he was prejudiced by the amendment. The trial court denied defendant's motion, but defendant reserved his right to later argue his motion out of the presence of the jury. After the state rested, the jury was removed from the courtroom, and the defense presented its argument regarding the state's amendment. Defendant argued the following:
... I don't think I had reason at the ... appealed from the judgments, and his appeal was given docket number 95-1235. Since the issues are the same, we hereby treat the cases as consolidated and issue a separate decree in docket number 95-1051.
Plaintiffs, Rodney and Ashley Dauzat, filed suit against defendants for damages which allegedly resulted from a rear-end collision. The accident occurred at the intersection of Shirley Road and U.S. Highway 171 near Bunkie, Louisiana, on September 10, 1994.
On April 28, 1995, the trial court rendered summary judgment finding the defendants liable for the plaintiffs' injuries. The issue of damages was expressly reserved for trial. The trial court signed a judgment to this effect on May 4, 1995.
Thereafter, the trial court rendered two separate judgments against defendants' attorney, Mr. Potter. The first judgment ordered Mr. Potter to pay $500 in sanctions to plaintiffs' attorney, Carol Aymond, Jr., for the failure of Dr. Clifton Shepherd, defendants' retained physician, to timely appear at the taking of his deposition. This judgment also quashed Dr. Shepherd's trial testimony and dismissed plaintiffs' action for contempt brought against Dr. Shepherd. The second judgment ordered Mr. Potter to pay $1,000 in sanctions to Mr. Aymond due to Mr. Potter's wrongful issuance of a subpoena duces tecum for extensive financial records belonging to Dr. Michel Heard, plaintiffs' physician, and the St. Thomas Diagnostic Clinic. In said judgment, the trial court also quashed the subpoena duces tecum issued to Dr. Michel Heard by the defendants.
From these two judgments, Mr. Potter appeals. For the following reasons, we reverse. *657 leave of court. State v. Sharp, 321 So.2d 331 (La.1975); State v. Hubbard, 279 So.2d 177 (La.1973); State v. Pickett, 261 La. 237, 259 So.2d 307 (1972); State v. Martin, 255 La. 961, 233 So.2d 898 (1970). Since the date on which the aggravated crime against nature occurred is not an essential element of the offense, the trial judge's allowance of the amendment was proper. Moreover, defendant made no motion for a recess, nor does he make a showing of surprise or prejudice resulting from the amendment.
Id. at 195.
In Dixon, 628 So.2d 1295, we held the date of the offense is not an essential element of aggravated rape. Since the date of the offense is not an essential element of the crime, and since defendant understood or should have understood that the acts occurred on many occasions over a prolonged period of time, the trial court in the present case did not err in allowing the state to amend the bill of indictment. However, according to State v. Cleveland, 25,628 (La.App. 2 Cir. 1/19/94); 630 So.2d 1365, a continuance may be granted if the defendant is prejudiced by the amendment:
The purpose of a continuance, as authorized by LSA-C.Cr.P. Art. 489, is to protect a defendant from surprise or prejudice which may result from such an amendment. State v. Gibson, 322 So.2d 143 (La. 1975); State v. Brown, 338 So.2d 686 (La. 1976) (Further citations omitted).
The defendant had the burden of establishing that an amendment has prejudiced the defense. (Citations omitted) The mere allegation by the defendant that the defense will be affected by amendment of the indictment does not constitute a showing of prejudice so as to render a trial court's refusal of the continuance reversible error. (Citations omitted).
The defendant must show in what respect the defense was prejudiced by the amendment before the trial court will grant the continuance. (Citations omitted).
The trial court has great discretion in deciding whether to grant a continuance and his decision will not be overturned absent a showing that the court arbitrarily or unreasonably abused its discretion. (Citations omitted).
Id. at 1368.
In the present case, defendant's brief does not argue the trial court abused its discretion by denying the continuance. Defendant does not contest any of the findings of the trial court. Defendant merely states:
The very fact that the time frame which the defense [sic] must deal has been so greatly expanded and at the last minute can't help but prejudice the defense, if for no other reason than that prior to the amendment the defendant had no reason to gather evidence of his whereabouts and conduct for the new time periods.
Defendant did not make this argument before the trial court. At trial, he argued that he would have presented more evidence about the various men present in the victim's home throughout her life. As stated by the trial court, and undisputed by defendant, defendant was able to present such evidence at trial through the testimony of the victim and the victim's mother. Furthermore, the trial court found the victim's statement, which the defendant admitted he received a long time before trial, clearly indicated the alleged acts of rape occurred on many occasions. We have not found the victim's statement in the record before this court. However, it is noted that defendant does not dispute the trial court's finding in his brief before this court. Since defendant's brief contains a vague allegation of prejudice, which was not presented to the trial court, and defendant fails to establish in any way how the trial court abused its discretion in denying defendant's continuance, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 3
Defendant contends the trial court erred in allowing the victim to testify as to the multiple instances of intercourse with the defendant. Defendant also argues he was not given Prieur notice of the state's intention to introduce this evidence. After describing one instance in which defendant raped her, the victim was asked by the prosecution *658 if such an incident occurred on more than one occasion. Defendant objected and requested a mistrial. The trial judge denied defendant's request without argument, but reserved defendant's right to later put his argument on the record. Later, out of the presence of the jury, defendant argued that two incidents of rape were discussed by N.J. while defendant was only being charged on one count. Thus, one incident was a reference to another crime, for which no Prieur notice was given. Defendant did not state which rape incident was another crime. In response, the prosecution argued:
The Bill of Indictment charges between dates as I've done. And even though there's one count charged it's permissible to go into evidence regarding the behavior of the defendant during the course of the... of that time and it's ... there's not a necessity ... it's not considered other crime's evidence. There's not a necessity for a Prier (sic) hearing.
The trial court restated its denial of defendant's objection and motion for mistrial.
The trial court did not err in its ruling. Defendant does not contend the acts of rape testified to by the victim fall outside the time frame set out in the indictment. Although no testimony clearly sets out the dates on which the rapes occurred, testimony indicates they did occur within the time frame set forth in the indictment. The victim testified that she was four or five when one of the rapes occurred. The victim further testified this rape occurred while she was living in a white house, and she was raped more than once while living in that house. The victim's mother testified they did not move into this white house until October of 1986. They then moved to another white house where they lived for approximately two months. The victim also testified about a rape that occurred in a yellow house. According to the victim's mother, they moved to the yellow house after the second white house, and lived there almost two years. The mother further testified they moved from the yellow house to the Hope House in February of 1989. Thus, the rapes would have occurred within the time frames set out in the indictment, January 1986April 1989.
In Dixon, 628 So.2d 1295, a case strikingly similar to the instant case, this court discussed at length this very issue. In Dixon, the victim testified as to various acts of rape committed by the defendant against her. The court stated that all the acts "apparently fell within the sixteen month time frame specified by the State." Id. at 1297. Finding that Prieur notice may be necessary in situations where other crimes by the defendant against the victim are introduced, the court found that Prieur notice was not necessary in Dixon since "the evidence introduced was not evidence of `other crimes' which would require a Prieur notice." Id. at 1298. This court reasoned:
In a prosecution for the commission of rape of a female under the age of consent, the evidence of prior sex offenses committed by the defendant with the same prosecutrix is generally admissible. Such evidence has been admitted for various reasons, such as corroboration of the offense charged, to show intimate relations between the parties, the lustful disposition of the defendant and the probability of his having committed the offense charged, or to rebut the defense of alibi. State v. Morgan, 296 So.2d 286, 288 (La. 1974). Also, State v. Ferrand, 210 La. 394, 27 So.2d 174 (1946); State v. Esponge, 593 So.2d 677, 678 (La.App. 1st Cir.1991); [State v.] Acliese, 403 So.2d [665,] at 667. However, a Prieur notice is usually given prior to trial.
In the case before us, the defendant is accused of aggravated rape of the same victim within a sixteen month period. The bill of particulars alleged that the defendant committed aggravated rape of the victim sometime during a sixteen month period. The evidence showed that the victim and the defendant had a sexual relationship over that sixteen month period. The prior jurisprudence defines this type of sexual relationship as a "continuing relationship." State v. Case, 357 So.2d 498, 499 (La.1978); State v. Kohl, 524 So.2d 781, 784 (La.App. 3d Cir.1988).
We have found no other cases in which the defendant objected to the lack of a Prieur notice for the introduction of evidence *659 of other sex crimes with the same prosecutrix. However, we find that such a case as this does not truly present a need for a Prieur notice because, although evidence of more than one occurrence was presented, all of the occurrences fall within the sixteen month time range specified in the bill of particulars and involved the same prosecutrix. The State was merely attempting to introduce sufficient proof of any one of the occurrences within that time frame.
Although only one count of aggravated rape is generally charged, a range of time in which it occurred is often given in cases involving a continuing sexual relationship. See State v. Osborne, 593 So.2d 888, 891 (La.App.2d Cir.1992); Kohl, 524 So.2d at 784; State v. Fisher, 507 So.2d 1263, 1266 (La.App. 3d Cir.1987), writ denied, 551 So.2d 1328 (La.1989); State v. Frith, 436 So.2d 623, 627 (La.App. 3d Cir.), writ denied, 440 So.2d 731 (La.1983); [State v. ] Case, 357 So.2d [498,] at 499. Therefore, the evidence of any aggravated rape by the defendant of the same victim within that time frame is evidence of the crime with which the defendant is accused; it is not evidence of "other crimes".
In the case before us, the defendant was in no danger of being convicted of some other crime than that for which he was on trial or because he was a man of criminal character. See State v. Sutfield, 354 So.2d 1334 (La.1978). Nor was the defendant in danger of being tried for charges of which he had no notice or for which he was unprepared and which unfairly prejudiced him in the eyes of the jury. See [State v. ] Goza, 408 So.2d [1349,] at 1353. Defendant was simply tried for the crime with which he was charged and he was given sufficient notice of the crime through the bill of particulars. No evidence of other crimes was introduced and, therefore, a Prieur notice of the state's intent to introduce other crimes evidence at trial was neither required nor necessary.
Finally, we note that the sixteen month time frame alleged for the commission of the crime is not too general or too long. The date of the offense is not an essential element of the crime of aggravated rape. Frith, 436 So.2d at 626. Also, Fisher, 507 So.2d at 1266. In a continuing relationship of this type, exact dates often cannot be supplied. Kohl, 524 So.2d at 784, and cases cited therein. Moreover, the extreme youth of the victim in this case poses even more problems in obtaining exact dates. It was not necessary for the State to specify the date of an offense in the indictment or the bill of particulars, and any one of the offenses committed within that time frame could be proven to obtain a conviction for the crime with which defendant was charged.
Id. at 1298.
Since the present defendant has not alleged that the acts of rape referred to by the victim fell outside of the time frame given in the bill of indictment, and the testimony indicates they did in fact occur within the time frame, these multiple acts of rape committed by the defendant against the victim are admissible without Prieur notice. For the foregoing reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 4
Defendant states in his brief that this assignment is abandoned.

CONCLUSION
La.Code Crim.P. art. 880 provides that when imposing sentence, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Therefore, the sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882(A). Resentencing is not required; however, this case is remanded and the trial court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95); 651 So.2d 858. La.Code Crim.P. art. 880 applies to life sentences. State v. Howard, 626 So.2d 459 (LaApp. 3 Cir.1993).
*660 Finally, the court minutes for April 11, 1995 reflect the defendant formally waived his presence for the beginning of jury selection. Defendant's counsel was present, and defendant appeared after lunch on that same date. Although jury selection is a phase of trial in which the defendant must be present according to La.Code Crim.P. art. 831, "[a] defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present." La.Code Crim.P. art. 832. Defendant did not object to his absence; thus, his absence did not constitute error.
The trial court did not err in allowing the prosecution to introduce evidence of other sexual crimes, nor did it err in allowing the prosecution to amend its bill of indictment on the day of trial and refusing to grant the defendant's motion for continuance. Likewise, the trial court correctly allowed the victim to testify about more than one instance of rape that occurred during the time period set forth in the bill of indictment. For the foregoing reasons, the defendant's conviction is affirmed. However, the case should be remanded for the trial court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] The victim's name is being withheld in order to protect her identity; however, her initials will be used throughout this opinion.
[2] The witness's full name is being withheld to protect her identity; however, her initials will be used throughout this opinion.